[No. 11832.  In Bank. — January 6, 1887.]

# M. J. McDONALD, Respondent, v. J. J. HANLON, Appellant.

<table><tr><td>71</td><td>535</td></tr><tr><td>135</td><td>662</td></tr></table>

Unlawful Detainer — Appeal — Judgment against Defendant — Staying Proceedings. — On an appeal by the defendant from a judgment rendered against him in an action of unlawful detainer, the Supreme Court has no power, under section 1176 of the Code of Civil Procedure, to accept an undertaking and direct a stay of proceedings, when an application for a stay has been denied by the trial judge.   Such power is vested exclusively in the trial court.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought for the restitution and possession of certain premises alleged to be unlawfully detained

by the defendant. Judgment was rendered in favor of the plaintiff, from which the defendant appealed. Pending the appeal, the defendant made the present application for a stay of proceedings. The further facts are stated in the opinion of the court.

*Joseph Kirk*, for Appellant.

*Thomas E. Curran*, and *S. B. McKee, Jr.*, for Respondent.

Morrison, C. J.— This is an application for leave to file an undertaking on appeal, to stay proceedings in the cause on appeal, and to stay all further proceedings in the Superior Court of the city and county of San Francisco, wherein said action was brought, under section 1161, Code of Civil Procedure, and a judgment therein duly entered in favor of the plaintiff, from which an appeal is being prosecuted to this court.

An application similar to this was made in the Superior Court, and was denied. It is now renewed in this court on the same grounds and for like reasons. Section 1176 of the Code of Civil Procedure provides that " an appeal taken by the defendant shall not stay proceedings upon the judgment, unless the judge or justice before whom the same was rendered so directs." This was an amendment to the code of March 9, 1880, and it is claimed that the power of accepting an undertaking and directing a stay of proceedings is vested thereby in the court that tried the case exclusively. Such seems to have been the understanding of the statute, for, as has been remarked, application for a stay was first made to the court that tried the case. In this interpretation of the statute we agree, and the motion must therefore be denied. So ordered.

Thornton, J., McKinstry, J., and Sharpstein, J., concurred.