[No. 12338. In Chambers. — October 31, 1887.]

GEORGE GROSS, RESPONDENT, v. CATHERINE KEL-
LEHER, APPELLANT.

| 73 | 639 |
|----|-----|
| 135 | 662 |

APPEAL — UNLAWFUL DETAINER — JUDGMENT AGAINST DEFENDANT — STAY OF PROCEEDINGS — SUPREME COURT CANNOT GRANT. — Where an order staying proceedings pending an appeal by the defendant from a judgment rendered against him in an action of unlawful detainer has been set aside by the trial court, on account of the failure of the sureties on the stay bond to justify, the Supreme Court has no power, under section 1176 of the Code of Civil Procedure, to grant a stay upon the appellant's filing a new and satisfactory undertaking.

APPLICATION for leave to file an undertaking on appeal, and for a stay of proceedings. The facts are stated in the opinion of Mr. Chief Justice Searls.

*Moses G. Cobb*, for Appellant.

*Joseph Mee*, for Respondent.

SEARLS, C. J.—This is a proceeding under an order on the plaintiff and respondent to show cause why the appellant should not be allowed to file a new undertaking on appeal, and why proceedings on the judgment should not be stayed upon filing a satisfactory undertaking.

Respondent has appeared, and from the showing, it appears that the action is for an unlawful detainer, in which respondent recovered a judgment against his tenant, the appellant, for restitution of certain leased premises, and for certain rents, etc.

The court below made an order for a stay of proceedings upon filing an undertaking in the sum of two thousand dollars. The bond was filed. Respondent excepted to the sufficiency of the sureties, who, by a mistake as to the place at which they were to appear, failed to appear and justify.

The court thereupon set aside the order staying proceedings, and execution issued.

The appeal having been perfected, appellant applies to this court for leave to file an undertaking for a stay of execution.

In ordinary cases for the recovery of real estate, if the judgment be for the delivery of possession thereof, the party against whom the judgment is rendered is entitled, on appeal, to a stay of proceedings of right upon filing an undertaking in such sum as the judge of the court may fix.

In that class of cases, the court has held that where a defective undertaking was filed in the court below, the defect could be cured here by filing a proper undertaking. (*Hill* v. *Finnigan*, 54 Cal. 311, 493; *Schacht* v. *Odell*, 52 Cal. 449.)

In actions of forcible entry and unlawful detainer, however, a stay of proceedings pending an appeal is not a matter of right.

Section 1176, Code of Civil Procedure, provides as follows: —

"An appeal taken by the defendant shall not stay proceedings upon the judgment, unless the judge or justice before whom the same was rendered so directs."

As this case now stands, there is no order of the court or judge staying proceedings.

For me to make the order here would be to override the discretion of the court below, which may have been, for good reasons, properly exercised.

The order to show cause will therefore be discharged, except so far as to permit appellant to file an undertaking on appeal in the sum of three hundred dollars to cover the costs of appeal.