[No. 12966.   In Bank. — May 22, 1889.]

## NORTH PACIFIC COAST RAILROAD COMPANY, Respondent, *v.* JACOB GARDNER, Appellant.

Mandamus — Enforcement of Execution — Judgment Rendered in Justice's Court. — A writ of mandate will lie to compel a sheriff to execute a writ of execution issued under a judgment rendered in a justice's court.

Appeal from a judgment of the Superior Court of Marin County, and from an order refusing a new trial.

The proceeding was brought to compel the defendant, as sheriff of Marin County, to execute a writ of possession issued from a justice's court upon a judgment rendered therein in favor of the plaintiff for the restitution of certain premises described in the judgment and in the

writ. The defendant demurred to the petition, and his demurrer was overruled. He then answered, setting up as an excuse for his refusal to execute the writ that he was unable to locate the premises by the description therein contained. The court held that the description was sufficient, and by its judgment ordered the issuance of a peremptory writ of mandate commanding the defendant to forthwith execute the writ of possession, or any further writ that might be issued by the justice's court upon its judgment. From this judgment, and from an order refusing him a new trial, the defendant appeals.

*Edward P. Cole,* and *J. B. Southard,* for Appellant.

*Mandamus* is not the appropriate remedy in this case, as the plaintiff has a plain, speedy, and adequate remedy in the justice's court to compel the execution of the writ by proceeding against the sheriff for contempt. (*Kimball* v. *Union Water Co.,* 44 Cal. 175; 13 Am. Rep. 157; Code Civ. Proc., secs. 33, 128, 177, 178; *Leese* v. *Clark,* 29 Cal. 666; *McMann* v. *Superior Court,* 74 Cal. 108; *Fulton* v. *Hanna,* 40 Cal. 280.)

*F. William Reade,* for Respondent.

The jurisdiction of the justice's court is special and limited, and does not include the power to punish for contempt a sheriff who refuses to perform his duty. (*Weimmer* v. *Sutherland,* 74 Cal. 343; *Rutherford* v. *Holmes,* 66 N. Y. 371; Code Civ. Proc., sec. 906; *State* v. *McDuffie,* 52 Ala. 4; *Thompson* v. *Acres,* 69 Ala. 178; *In re Kerrigan,* 33 N. J. L. 349; *Rhinehart* v. *Lance,* 43 N. J. L. 311; 39 Am. Rep. 592; *Batchelder* v. *Moore,* 42 Cal. 412; *Galland* v. *Galland,* 44 Cal. 475; 13 Am. Rep. 167.) *Mandamus* is the proper remedy in this case. (*Freemont* v. *Crippen,* 10 Cal. 215; *Fogarty* v. *Sparks,* 22 Cal. 143; *Babcock* v. *Goodrich,* 47 Cal. 508; *Moore* v. *Muse,* 47 Tex. 215.)

Thornton, J.—We do not feel clear that a court of a justice of the peace can compel, on motion, a sheriff to execute a judgment rendered in such court, and punish him for contempt on his failure to obey its order. In such case, the party seeking the enforcement of his judgment can apply to the superior court for a writ of mandate (on the refusal of the sheriff to execute the writ of execution) to compel him to execute it.

We find no error in the record.

Judgment and order affirmed.

Sharpstein, J., Works, J., and McFarland, J., concurred.

Rehearing denied.