[No. 13651. In Bank. — March 5, 1890.]

## QUAN WO CHUNG & CO., PETITIONERS, *v.* C. S. LAUMEISTER, SHERIFF, ETC., RESPONDENT.

UNLAWFUL DETAINER — DISPOSSESSION BY ORDER OF COURT — RESTITUTION ORDERED UPON APPEAL — RIGHTS OF THIRD PARTIES. — When the defendant in an action for unlawful detainer has been wrongfully dispossessed under order of the superior court, and restitution of the possession has been ordered upon appeal, such restitution cannot be defeated by the claim of third persons, who have entered since the dispossession of the defendant, though such persons claim under title derived from an independent source, and not in collusion with either of the parties to the suit. The rule that persons holding under an independent title cannot be dispossessed under a writ of restitution has no application where the person seeking to be restored to possession has been wrongfully dispossessed by agency of the court.

ID. — MANDAMUS TO SHERIFF. — *Mandamus* will lie to compel the sheriff to restore the possession of premises, ordered by the supreme court upon appeal to be delivered to a defendant, who has been wrongfully dispossessed by agency of the superior court, notwithstanding third parties have obtained possession meanwhile, claiming under an independent title.

ID. — INJUNCTION — CONFLICT OF JURISDICTION — POWER OF SUPERIOR COURT. — The superior court cannot enjoin the execution of a mandate of the supreme court. The order of the supreme court must control, and any conflicting order from the superior court must be disregarded.

APPLICATION to the Supreme Court for writ of mandate to the sheriff of the city and county of San Francisco. The facts are stated in the opinion of the court.

*James F. Smith,* for Petitioner.

*Dorn & Dorn,* and *Wilson & Wilson,* for Respondent.

BEATTY, C. J. — This is a proceeding by *mandamus* upon the following case: —

In an action to recover possession of certain real property situate in San Francisco, in which one Lee Chuck was plaintiff and the above-named petitioners were defendants, the superior court rendered a judgment in favor of the plaintiff, whereupon a writ of restitution

was issued, under which petitioners were ejected from the demanded premises, and said Lee Chuck placed in possession. The petitioners afterward moved the superior court to restore them to possession, on the ground that the writ of restitution had been wrongfully executed by the sheriff after stay of proceedings granted. This motion was resisted by Lee Chuck and denied by the superior court, but on appeal to this court the order was reversed, " with directions to the superior court to enter an order commanding the sheriff to restore the possession of the property in controversy to the defendants." (*Lee* v. *Quan Wo Chung & Co.*, 81 Cal. 222.)

The *remittitur* upon this judgment was filed in the superior court December 21, 1889, and an order was thereafter made in conformity to the mandate of this court.

But when the sheriff, the respondent here, was about to execute the order, he was met by the claim of a Chinese firm calling itself the Kwong Lun Hing Company, that they were rightfully in possession of the property under title adverse to both parties in the suit, and not in collusion with Lee Chuck. In consequence of this claim, and threats of an action for damages, the sheriff refused, or at least failed, to execute the order to restore the petitioners to possession, and this proceeding was thereupon commenced to compel him to do so.

An alternative writ of mandate was issued, to which the sheriff makes return, showing the facts above stated, among other things, and also the fact that a suit has been commenced in the superior court of San Francisco by or on behalf of said Kwong Lun Hing Company to enjoin him from executing said order, in which case a temporary injunction has been issued and served upon him, the question of making it permanent being held under advisement by the judge of the superior court.

Beside these proceedings, various other steps have been taken by said Kwong Lun Hing Company, all designed

to frustrate the execution of the order of this court to restore the petitioners to the possession of the premises from which they were, by the agency of the superior court, wrongfully ejected. It is not necessary, however, to recapitulate these various devices, and we shall content ourselves with noticing the position upon which the Kwong Lun Hing Company bases its claim of right to keep possession of the disputed premises.

They say they were not parties to the action of *Lee Chuck* v. *Quong Wo Chung & Co.*, and therefore are not bound by the judgment, or any orders made therein; that they are peaceably in possession of the premises under title derived from an independent source, and cannot be ejected except in consequence of a proceeding to which they are made parties, and in which they may have their day in court to litigate their rights. In support of this proposition, they cite us to numerous cases in which it has been held that the plaintiff in an action of ejectment or other suit to recover possession of real property cannot, by his writ of restitution or assistance, dispossess a stranger to the proceeding holding the premises under an independent title or claim of title, and not in collusion with the defendant.

But these cases have no application where the party seeking to be restored to the possession has been wrongfully dispossessed by the agency of the court. He does not stand in the position of the actor in a suit who seeks the aid of a court to regain a possession lost by his own negligence or misfortune. On the contrary, he is out of possession only because the court has wrongfully put him out, and whoever is in is there only because the court has wrongfully made room for him to get in. All that the one has gained and all that the other has lost is due to the agency of the court, and therefore no injustice is done in restoring the party wrongfully dispossessed without stopping to investigate the rights of the party who has thereby gained the possession. He is in

no worse position after being put out by the court then he would have been in if the court had never acted; and the court cannot, without putting him out, undo its own wrong. If he has a superior right to the possession, he can, after going out, assert it with the same effect as if he had never been in, and he loses nothing but the advantage of holding the premises pending the litigation, — an advantage to which he was never entitled.

It must be understood, therefore, that our order remanding the case of *Lee Chuck* v. *Quan Wo Chung & Co.* meant precisely what it said, — neither more nor less, — viz., that the defendants in that action — petitioners here — were to be restored to the possession of the property in controversy, and that any other party who might have got in pending the litigation, whether by collusion with Lee Chuck or otherwise, must be put out.

As to the injunction issued by the superior court restraining the respondent from executing the order entered in pursuance of our judgment in the appeal case, we assume that it was issued in consequence of an erroneous construction of that judgment, and that it will be vacated upon the rendition of our decision herein; but however that may be, the order of this court must control, and any conflicting order from the superior court must be disregarded.

It is ordered that the peremptory writ issue as prayed for by petitioners forthwith.

MCFARLAND, J., FOX, J., SHARPSTEIN, J., THORNTON, J., and PATERSON, J., concurred.