[S. F. No. 3024. In Bank.—February 28, 1902.]

## MARY L. CLUNESS et al., Respondents, v. CHARLES E BOWEN, Appellant.

UNLAWFUL DETAINER—SUMMARY PROCEEDING—EXPIRATION OF ORDER FOR STAY—APPEAL—SUPERSEDEAS.—An action of unlawful detainer is a summary proceeding, in which, under section 1176 of the Code of Civil Procedure, an appeal does not stay proceedings under the judgment, unless so directed by the judge or justice before whom it was rendered; and where an order of the superior judge in such an action directing a stay of proceedings for five days fell with the expiration specified, and was expressly revoked, the appellate court will not thereafter issue a writ of *supersedeas*, and it is immaterial upon what ground the superior court refused to continue the stay of proceedings.

APPLICATION for writ of *supersedeas* upon appeal from a judgment of the Superior Court of Alameda County. S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Henley & Costello, for Appellant.

M. B. Kellogg, and A. E. Shaw, for Respondents.

McFARLAND, J.—This is a petition by defendant in the above-entitled action, in which he sets forth that judgment was rendered against him in said action in the superior court, and

that he has appealed therefrom, and asks that this court, upon the filing of an undertaking here, issue a *supersedeas* staying said judgment and all proceedings thereon during the pendency of the appeal.

The action was one of unlawful detainer under section 1159 et seq. of the Code of Civil Procedure. Such action is classified in the code under the head of ''Summary Proceedings''; and section 1176 provides that ·''An appeal taken by the defendant shall not stay proceedings upon the judgment, unless the judge or justice before whom the same was rendered so directs.'' In the case at bar judgment was entered for plaintiffs on October 7, 1901. A few days afterwards defendant therein (petitioner here) gave notice of appeal and filed the statutory three-hundred-dollar bond on appeal. On October 16th, the judge of the trial court made an order staying proceedings, on condition that, within five days thereafter, petitioner should file an undertaking in accordance with the provisions of section 945 of the Code of Civil Procedure, with two good and sufficient sureties, in the sum of three thousand dollars. Such undertaking was not given within the time, although on the last of the five days an undertaking in the sum of two thousand five hundred dollars was filed. That order for a stay, therefore, fell with the expiration of the time specified. What occurred afterwards, and about which counsel greatly disagree, was, in our view, immaterial, but it may be briefly stated as follows: There was afterwards another bond filed in the sum of three thousand dollars; objection was made to the sufficiency of the sureties; notice was given of the time and place of justification before the trial judge, and at the time and place named one of the sureties failed to appear. It is claimed by petitioner that a proper order was made, under section 1054 of the Code of Civil Procedure, extending the time for justification for two days, and respondents deny that any such order was legally made, because there was no such order made by the court or by the judge in writing. At the adjourned hearing the said surety appeared, but failed to justify. Petitioner asked for another extension of time, in order to procure a new surety, and to this respondent objected on the ground that, under section 948 of the Code of Civil Procedure, there could not be an extension over twenty days, and thereupon the judge said he would continue the matter to

December 12th, and that he would then consider respondents' objection; and on said December 12th, the judge sustained respondents' objection, and afterwards made orders rejecting the new undertaking offered by petitioner, and expressly revoked the first order for a stay of execution.

Passing over the discussions of counsel as to the validity of these various orders for extensions of time, etc., last-above stated, the fact that there is in existence no order of the judge before whom the case was tried directing a stay of proceedings, as provided by section 1176 of the Code of Civil Procedure, is a sufficient answer to the petition herein. The restriction of that section takes the case at bar out of the rule declared in *Hill* v. *Finnigan,* 54 Cal. 493, as applicable to ordinary civil cases with respect to which there is no such restriction. It was so expressly held by this court in *McDonald* v. *Hanlon,* 71 Cal. 535, and by Chief Justice Searls in *Gross* v. *Kelleher,* 73 Cal. 639. For the purpose of this petition, it is immaterial upon what ground the judge of the trial court refused to direct a stay.

The petition is denied and the proceeding dismissed.

Van Dyke, J., Garoutte, J., Temple, J., and Beatty, C. J., concurred.