[S. F. No. 4723.   In Bank.—April 23, 1907.]

MARIE JEANNE SARTHOU et al., Respondents, v. C. T. REESE et al., Defendants; A. A. McCOY, Appellant.

UNLAWFUL DETAINER—JUDGMENT OF RESTITUTION.—STAY OF PROCEED-
INGS.—A stay of proceedings upon an appeal from a judgment of restitution in an action of unlawful detainer cannot be had unless the trial judge so directs.

ID.—CROSS-ACTION FOR EQUITABLE RELIEF.—Conceding that in an action of unlawful detainer the defendant has the right to set up an equitable defense for the specific performance of a contract to make a new lease, if the trial court finds against the defendant on such matters of defense, as set up by cross-complaint, and in favor of the plaintiff on the issues tendered by his complaint, a judgment of restitution of the demised premises necessarily follows, and exe-cution of that judgment cannot be stayed without the consent of the trial judge.   So far as that judgment is also a judgment in the cross-action, there is nothing to stay, as the defendant has simply been denied the affirmative relief which he sought.

PETITION for a Supersedeas, pending an appeal from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Samuel M. Shortridge, and W. C. Sharpstein, for Appel-lant.

P. A. Bergerot, Edward Lander, and S. A. Riley, for Re-spondents.

BEATTY, C. J.—This is an action of unlawful detainer after default in payment of rent.   The appellant, McCoy, in addition to denials of the matters alleged in the complaint,

filed a cross-bill claiming affirmative relief upon equitable grounds. The decision was against him upon the matters alleged in his cross-complaint, as well as upon the issues tendered by the original complaint, and judgment was entered for immediate restitution of the demised premises. He has appealed from the judgment, but the judge of the superior court before whom the action was tried has refused to fix the amount of an undertaking to stay proceedings pending his appeal. He now applies to this court for such an order and for a *supersedeas.*

There can be no stay of proceedings upon an appeal from a judgment of restitution in an action of unlawful detainer unless the trial judge so directs. (Code Civ. Proc., sec. 1176; *Cluness* v. *Bowen,* 135 Cal. 660, [67 Pac. 1048].)

But appellant contends that this is not an appeal from a judgment of restitution in unlawful detainer, because the plaintiffs, without objection to his right to interpose an equitable defense by cross-complaint, joined issue upon the matters therein alleged, and thereby changed the nature of the action, —changed it, that is to say, into an action in equity for the specific performance of a contract to make a new lease, in which a stay of proceedings pending appeal is a matter of right.

We do not find it necessary to decide the question whether defendant had a right to interpose the cross-complaint, or whether the plaintiff has waived the right to object at this stage of the proceedings that an equitable defense is inadmissible in this class of actions. Conceding that in unlawful detainer there is the same right to set up equitable defenses by cross-complaint as in ejectment, the fact remains that when the court has found against the defendant on the matters alleged in his cross-complaint, and in favor of the plaintiff on the issues tendered by his complaint, a judgment of restitution of the demised premises necessarily follows and execution of that judgment cannot be stayed without the consent of the trial judge. If it be said that there is also a judgment in the cross-action, and that as to that judgment a stay of proceedings pending appeal is matter of right, the answer is that so far as that judgment or that part of the judgment is concerned, there is nothing to stay. By it the defendant has simply been denied the affirmative relief which he sought. The

judgment may be erroneous, it may be reversed, and he may ultimately secure the relief which he prays, but until there is a judgment in his favor upon his cross-complaint there can be no process for its enforcement, and when that time comes it will be the plaintiff, and not he, that will be in need of a stay of proceedings.

In the mean time, the plaintiff having prevailed in her action in unlawful detainer, and. the trial court having refused a stay of execution, this court cannot interfere.

Petition for *supersedeas* denied.

Sloss, J., Angellotti, J., Shaw, J., Henshaw, J., and Lorigan, J., concurred.