[Civ. No. 1288.   Third Appellate District.—August 26, 1914.]

## C. F. KAISER, Petitioner, v. JOHN HANCOCK, Judge of the Superior Court of Calaveras County, Respondent.

MANDAMUS—APPLICATION FOR ALTERNATIVE WRIT TO STAY EXECUTION—NECESSITY OF NOTICE TO PARTIES INTERESTED.—One who applies for an alternative writ of mandate to require a judge of the superior court to stay execution on a judgment must, under paragraph 4 of rule XXVI of the supreme court, furnish evidence that notice has been given to all parties interested that such application will be made, in order that they may have an opportunity to oppose the issuance of the writ.

ID.—UNLAWFUL DETAINER—STAY OF PROCEEDINGS PENDING APPEAL.—There can be no stay of proceedings upon an appeal from a judgment of restitution in an action of unlawful detainer, unless the trial judge so directs, and in such case *mandamus* does not lie to compel him to order a stay, in the absence of an abuse of discretion on his part in refusing to make such order.

ID.—DISCRETION OF TRIAL COURT—ABUSE OF MUST CLEARLY APPEAR.—Abuse of discretion by a trial judge will not be presumed, but must be made clearly to appear before his discretion will be interfered with on appeal.

APPLICATION for a Writ of Mandate to be directed against the Judge of the Superior Court of Calaveras County.

The facts are stated in the opinion of the court.

A. H. Carpenter, Walter T. Lynch, and Ben Berry, for Petitioner.

J. Snyder, for Respondent.

CHIPMAN, P. J.—Petitioner seeks the writ of mandate directing respondent to make an order staying execution on a judgment against petitioner in a certain action wherein petitioner is defendant and Henry T. Higginbotham, as administrator of the estate of Mary G. Davis, deceased, is plaintiff.

It appears from the petition that the property involved is known as the Valley Springs Hotel and its equipment, situated in the town of Valley Springs, Calaveras County, belonging to the estate of said Mary G. Davis, deceased; that, in the

said action of said administrator against said Kaiser, it was alleged that defendant therein was, on and prior to April 10, 1914, in possession of said property as tenant at will of-said administrator; that, on said April 10, 1914, plaintiff, said administrator, terminated said tenancy by giving written notice to said defendant, to remove from said premises and deliver said property to plaintiff within the period of thirty days specified in said notice, said notice having been duly served as prescribed in section 1162 of the Code of Civil Procedure; that all right of tenancy or claim of occupancy was thereby terminated on May 10, 1914; that said defendant did not, within said thirty days, or at any other time, surrender said property or any part thereof to plaintiff, but remained in possession thereof at the expiration of said thirty days and ever since said time; that, on May 11, 1910, plaintiff caused notice to be served upon defendant to deliver up possession of said property to him, said administrator, within three days from the service of said notice; that more than thirty days have expired since service of said first notice terminating said tenancy and that more than three days have elapsed since said last referred to notice was served; that defendant had refused to deliver said property or any part thereof and unlawfully retains possession thereof; that, while defendant was in possession of said property as such tenant at will, the amount of rent paid by defendant for the use of said property was fifty dollars per month agreeably to the understanding between plaintiff and defendant, and, by reason of the foregoing facts, plaintiff has sustained damages in the value of said rent, from May 10, 1914, to the commencement of this action; that plaintiff prayed judgment for the restitution and possession of the premises and for the amount of rental and such sum as may accrue from the filing of the complaint to date of judgment and that said rental may be trebled and that it be declared that said tenancy has ceased and that writ of possession forthwith issue.

It further appears by the petition that, on June 11, 1914, defendant served and filed his answer and cross-complaint in said cause, and, issue being joined, said cause came on for trial before a jury, on July 12, 1914, and the jury returned a verdict in favor of plaintiff; that, on July 20, 1914, judgment for plaintiff was duly made and entered and that, on July 29, 1914, defendant duly appealed to the district court of

appeal from said judgment, under the alternative method; that, on July 30, 1914, defendant "moved John Hancock, as such judge of said superior court for an order staying execution upon said judgment pending the final determination of said appeal and at the same time offered a sufficient stay-bond therefor," but the said judge refused to make such order. The petition was filed in this court August 13, 1914.

In the return respondent "admits that application was made to him on the thirtieth day of July, 1914, to fix the amount of a stay-bond on appeal, and to order proceedings upon said judgment staid during appeal; and denies that it was his plain or other duty to make such order, or that since, or at any time, has been his duty to make such order"; alleges that said action is one in unlawful detainer and is prosecuted under the provisions of chapter IV, part III of title III of the Code of Civil Procedure, designated as summary proceedings for obtaining possession of real property; that section 1176 of said code provides: "An appeal taken by the defendant shall not stay proceedings upon the judgment unless the judge or justice before whom the same was rendered so directs," and that the judge before whom said judgment was rendered refused to direct that proceedings upon said judgment be staid and has never at any time directed that such proceedings be staid "and that respondent acted legally and rightfully in refusing to stay proceedings upon said judgment."

It further appears by the return and is not denied: That no copy of notice of appeal has been served upon plaintiff in said action; that no notice of intention to move for a new trial has ever been served or filed "and no proceedings whatever have been taken by or on behalf of petitioner for a new trial of said action" or for the settlement of a bill of exceptions in said action or toward proposing a bill of exceptions or statement of any kind and petitioner has taken no steps toward having the testimony taken at the trial of said action written up; that petitioner states in his petition that said appeal has been taken under the alternative method but respondent says that petitioner has never filed with the clerk a notice stating that he desires or intends to appeal, or has appealed, and requesting that a transcript of the testimony offered or taken in the same, the rulings instructions, acts, or statements of the court, and objections and exceptions of coun-

sel, be made up or prepared, or any notice containing any of said statements; that "he has not filed or given the notice required by section 953a of the Code of Civil Procedure, or taken any proceedings in said court under the provisions of said section; that he has filed no other notice in said matter, other than the so-called notice of appeal which is hereto attached and marked Exhibit L"; that no stipulation has ever been entered into and no order of any kind made, extending the time for proposing, filing or settling a bill of exceptions or statement, or giving or filing said notice required by section 953a of the said code and "respondent alleges that the time for taking any such proceedings has long since elapsed; and that if said (appeal) has any virtue it is only as an appeal from the judgment on the judgment-roll and respondent avers that there is no reasonable or probable cause for said appeal." The return then sets out copies of all the papers constituting the judgment-roll in said action, certified by the clerk of the court, and also the certificate of the clerk "relating to the manner in which said appeal was attempted to be taken and of other facts in this answer." Respondent avers that "he rightfully and justly exercised the authority reposed in him by the statute in refusing to order proceedings on said judgment staid (stayed) during appeal," and he suggests that if it was within his discretion, it was an appropriate exercise of that discretion to refuse to grant such writ. "Respondent further avers that he had no notice of any kind of the application or petition herein until served with the alternative writ herein."

Before going into the merits of the application we wish to call attention to paragraph 4, rule XXVI: "When an application is made for an alternative writ, an order staying the proceedings of any court or officer, until the return of the writ, will not be made unless due notice of the application for the writ shall have been given to all the parties interested in the proceedings."

Respondent, in his return, states that he had no notice of the application for the alternative writ. Attention of petitioner's attorney, Mr. Lynch, was called to this rule when the alternative writ was applied for and while there was no evidence of any notice having been given the judge or the attorneys in the pending action, we were assured that verbal notice was in fact given of an intention to apply for the writ

and that the parties expressed willingness that it should be made. We have no reason to doubt the good faith of Mr. Lynch in the matter. The incident furnishes occasion for calling attention to the rule and for our saying that in the future it will be strictly adhered to. Parties applying for alternative writs in which an order is requested staying the proceedings of any court or officer until the return of the writ, must furnish evidence that notice has been given to all parties interested that such application will be made, in order that such parties may have an opportunity to oppose the issuing of the alternative writ to be applied for. The wisdom and justice of the rule are obvious, for often the lack of merit in the application may be disclosed at the hearing of the application, and injury which might ensue by the issuing of a restraining order be thus averted.

Section 1176 of the Code of Civil Procedure has been under review in several cases before the supreme court, among them the following: *McDonald* v. *Hanlon,* 71 Cal. 535, [12 Pac. 515]; *Gross* v. *Kelleher,* 73 Cal. 639, [15 Pac. 362]; *Cluness* v. *Reese,* 135 Cal. 660, [67 Pac. 1048]; *Bateman* v. *Superior Court,* 139 Cal. 140, [72 Pac. 922]; *Sarthou* v. *Reese,* 151 Cal. 96, [90 Pac. 187], and also in *Plummer* v. *Agoure,* 20 Cal. App. 319, [128 Pac. 1014]. Some of these cases were applications for *supersedeas.* But *supersedeas* is merely an ancillary process designed to supersede the enforcement of the judgment of the court below, and the writ of mandate here sought is to accomplish the same result.

It was held, in *Plummer* v. *Agoure,* 20 Cal. App. 319, [128 Pac. 1014]: "While the action of the trial judge in refusing to direct a stay of proceedings is subject to review on appeal, and such order will be reversed for an abuse of discretion in making the ruling, it cannot be reviewed upon an application for a writ of *supersedeas.*" A petition for rehearing of that case was denied by the supreme court. In *Sarthou* v. *Reese,* 151 Cal. 96, [90 Pac. 187], the action was unlawful detainer; defendant, in addition to denials of the matters alleged in the complaint, filed a cross-bill claiming affirmative relief, as did the defendant in the action here. The decision in the case cited and in the case here was against the defendant upon all the issues including those in the cross-complaint and judgment was entered for immediate restitution of the demised premises. In the case cited, defendant appealed from the

judgment, as defendant has here, and the judge of the superior court before whom the action was tried refused to fix the amount of an undertaking to stay proceedings pending appeal. In the case cited, defendant petitioned the supreme court for a *supersedeas.* Said the court, by Chief Justice Beatty: "There can be no stay of proceedings upon an appeal from a judgment of restitution in an action of unlawful detainer unless the trial judge so directs," citing section 1176 of the Code of Civil Procedure; *Cluness* v. *Bowen,* 135 Cal. 660, [67 Pac. 1048]. In *Cluness* v. *Bowen,* the court said: "In the absence of a direction from the trial judge, this court has no power to order a *supersedeas* in such a case as this."

If, however, as petitioner contends, the discretion given the trial judge may be controlled by mandate when abused, we fail to discover anything in the record before us showing an abuse of such discretion. It was conceded at the argument that the appeal now pending is on the judgment-roll, the constituent papers of which are made part of the return. Every issue presented by defendant's answer and cross-complaint has been resolved against him and the facts set out in plaintiff's complaint found to be true by the general verdict of the jury crystallized in the judgment of the court. There were no special circumstances of hardship to defendant shown to the trial judge calling for the exercise of his discretion in defendant's favor, so far as we know, when a stay of execution was applied for and none is presented here. Abuse of discretion by a judge will not be presumed; it must be made clearly to appear before his discretion will be interfered with. Viewed, then, either as a power exclusively given the trial judge, or as a power merely within his discretion, we fail to discover error in the order complained of.

The writ is denied and the restraining order heretofore issued is dissolved.

Hart, J., and Burnett, J., concurred.