[Civ. No. 4683. Second Appellate District, Division Two.—April 12, 1924.]

## JOSEPH MAGNAUD et al., Petitioners, v. WM. I. TRAEGER, Sheriff, etc., Respondent.

[1] UNLAWFUL DETAINER — JUDGMENT — WRIT OF POSSESSION — VOID STAY—DUTY OF SHERIFF.—Where judgment has been entered in favor of the plaintiffs in an action of unlawful detainer and, no stay of proceedings having been directed by the judge before whom the case was tried, a writ is issued and delivered to the sheriff whereby he is commanded to place the plaintiffs in posssession of the unlawfully detained premises, it is his duty to comply with such writ, notwithstanding a judge other than the one before whom the case was tried has ordered that execution on the judgment be stayed pending an appeal therefrom—such order being a nullity; and the fact that the case was tried in extra session is wholly inconsequential.

[2] EXECUTION — COMMON-LAW MONEY JUDGMENT — LEVY — RETURN DAY. — In the enforcement of a writ of execution issued upon a common-law judgment for money the levy is the essential act by which the property is set apart for the satisfaction of the judgment; and the officer's authority to make the levy is limited to the return day of the writ.

[3] UNLAWFUL DETAINER — TWOFOLD WRIT — EFFICACY AFTER RETURN DAY.—Where the writ, issued pursuant to the judgment in favor of the plaintiffs in an action of unlawful detainer, partakes of the nature of both a writ of possession for restitution of the premises and a writ of execution for the satisfaction of that part of the judgment which awards damages to the plaintiff, such writ, in so far as it is a writ of possession directing the sheriff to make restitution of the premises, possesses life and efficacy after the return day of the writ, notwithstanding the writ has become *functus officio* and ineffective in so far as it is a *fieri facias* commanding the sheriff to satisfy the judgment for damages.

[4] ID.—REFUSAL TO ENFORCE WRIT—MANDAMUS.—*Mandamus*, under ordinary circumstances, is the proper means for compelling a sheriff to enforce a writ of possession.

[5] ID.—STAY—APPARENT JURISDICTION—PROTECTION OF SHERIFF.—If a writ or an order commanding a sheriff to do or to refrain from doing an act be legal upon its face and show an apparent jurisdiction, and if the court issuing the writ or making the order has jurisdiction of the subject matter, the officer will be protected when

2.   See 15 Cal. Jur. 1041; 17 R. C. L. 211; 17 R. C. L. 220.
3.   See 15 Cal. Jur. 1026.
4.   See 16 Cal. Jur. 804; 18 R. C. L. 115.
5.   See 22 R. C. L. 481.

in good faith he acts in obedience to the writ or to the order, but he cannot build any adverse rights upon a void order or upon a writ issued under a void judgment.

[6] ID.—DISOBEDIENCE OF VOID ORDER.—If the court have jurisdiction of the subject matter, the sheriff, if he obeys, will be protected; but if the judgment be void for any reason he is under no obligation to obey, even though jurisdiction of the subject matter does exist, and he may disregard the court's fiat with impunity.

[7] ID.—ABSENCE OF JURISDICTION—REFUSAL TO OBEY VOID ORDER.— If the court or judge is without jurisdiction of the subject matter the sheriff not only may refuse to obey a precept from such court or judge, but he will not be protected if he does obey it; and in such cases the officer is without authority to act under the void precept.

[8] ID.—ENFORCEMENT OF WRIT OF POSSESSION—MANDAMUS.—*Mandamus* is the proper remedy to compel a sheriff to enforce a writ of possession issued pursuant to the judgment in an action of unlawful detainer, notwithstanding a judge other than the one before whom the case was tried has issued a void order staying execution.

---

(1) 26 **C. J.,** p. 871, sec. 156 (1926 Anno.).  (2) 23 **C. J.,** p. 425, sec. 210.  (3) 26 **C. J.,** p. 870, sec. 153.  (4) 26 **C. J.,** p. 870, sec. 153 (1926 Anno.); 26 **Cyc.,** p. 215.  (5) 35 **Cyc.,** pp. 1741, 1744. (6) 35 **Cyc.,** p. 1538 (1926 Anno.).  (7) 35 **Cyc.,** p. 1538 (1926 Anno.).  (8) 26 **Cyc.,** p. 215.

PROCEEDING in Mandamus to compel a sheriff to execute a writ of possession. Peremptory writ issued.

The facts are stated in the opinion of the court.

Cassell & Stafford for Petitioners.

Charles L. Chandler and Melvin E. MacKinnon for Respondent.

FINLAYSON, P. J.—This is an original proceeding in *mandamus* to compel respondent, the sheriff of Los Angeles County, to execute a writ of possession issued out of the superior court for that county in an action of unlawful detainer wherein these petitioners were the plaintiffs.

The action was tried in an extra session of the superior court for Los Angeles County before the Honorable William P. Cary, a judge of the superior court for San Diego

---

7.  See 22 **R. C. L.** 482.

County, who presided in such extra session pursuant to the provisions of section 67b of the Code of Civil Procedure. On December 21, 1923, judgment was rendered in favor of petitioners for the restitution of the premises and for damages, and on December 31, 1923, the formal judgment, signed by Judge Cary, who meanwhile had returned to his own county, was filed. On January 2, 1924, a writ was issued out of the superior court for Los Angeles County and delivered to respondent whereby he was commanded as sheriff to place the plaintiffs in possession of the unlawfully detained premises. The writ, which was made returnable within sixty days after its receipt by respondent, also commanded the latter to satisfy the judgment for damages out of property of the judgment debtors. It thus will be seen that the writ partook of the nature of both a writ of possession for restitution of the premises and a writ of execution for the satisfaction of that part of the judgment which awarded damages to the plaintiffs in the action. No stay of proceedings upon the judgment was ever directed by Judge Cary. On December 29, 1923, a written order was signed and filed by the Honorable Paul Burks, one of the judges of the superior court for Los Angeles County, ordering execution upon the judgment to be stayed pending any appeal by the defendants in the action, upon the filing of an undertaking in the sum of two thousand dollars pursuant to section 945 of the Code of Civil Procedure. On January 2, 1924, the defendants filed their notice of appeal from the judgment and gave the undertaking required by Judge Burks' order. Judge Burks refuses to set aside his order and respondent insists upon obeying it. Hence the application to this court for a writ of mandate commanding respondent to proceed with the execution of the writ delivered to him on January 2, 1924.

[1] It was the duty of the sheriff to place petitioners in possession notwithstanding the order of Judge Burks. That order was a nullity. Only Judge Cary, before whom the case was tried and by whom the judgment was rendered, had jurisdiction to stay proceedings upon the judgment. In an action of unlawful detainer ''any appeal taken by the defendant shall not stay proceedings upon the judgment unless the judge or justice before whom the same was rendered so directs.'' (Code Civ. Proc., sec. 1176.) This section of the code has been under review in several cases, among them the

following: *McDonald* v. *Hanlon*, 71 Cal. 535 [12 Pac. 515];
*Gross* v. *Kelleher*, 73 Cal. 639 [15 Pac. 362]; *Lee Chuck* v.
*Quan Wo Chong Co.*, 81 Cal. 222 [15 Am. St. Rep. 50, 22
Pac. 594]; *Cluness* v. *Bowen*, 135 Cal. 660 [67 Pac. 1048];
*Bateman* v. *Superior Court*, 139 Cal. 140 [72 Pac. 922];
*Sarthou* v. *Reese*, 151 Cal. 96 [90 Pac. 187]; *Kaiser* v. *Han-
cock*, 25 Cal. App. 323 [143 Pac. 614]. The language of
the section is clear and unambiguous and is not in need of
interpretation. By it the legislature has declared in no un-
certain terms that there can be no stay of proceedings · upon
an appeal from a judgment of restitution in an action of
unlawful detainer unless the trial judge by whom the judg-
ment was rendered so directs. The fact that the case was
tried in an extra session of the superior court is wholly in-
consequential. There is nothing in section 67b of the Code
of Civil Procedure which in anywise affects the force of sec-
tion 1176 and its unequivocal declaration.

It is contended by respondent that even though the order
of Judge Burks be invalid the writ of mandate should not
issue in this proceeding. The reasons assigned for this
contention are: (1) That the life of the writ issued in the
unlawful detainer action expired with the expiration of the
return day named therein; (2) that because the stay order
made by Judge Burks is regular upon its face respondent is·
neither obliged nor permitted to question it but must obey
it; and (3) that by this proceeding petitioners are attacking
an order of the superior court, and that *mandamus* may not
be used to accomplish that purpose.

Has the writ which was issued to respondent as sheriff of
Los Angeles County ceased to have any force? That writ,
it will be recalled, was received by respondent on the day
of its issuance, January 2, 1924, and was made returnable
within sixty days thereafter. The present proceeding in
*mandamus* to compel respondent to proceed with the execu-
tion of the writ was initiated in this court January 22, 1924.
Not only has the full period of sixty days within which to
make return of the writ now elapsed, but in the very nature
of things no writ of mandate could have been issued by this
court within the time designated for the sheriff's return,
even though we had rendered our judgment immediately
upon the submission of this proceeding. One-third of the
time fixed for the sheriff's return had elapsed before the

66 Cal. App.—34

petition for *mandamus* was filed here; and this court has no jurisdiction to issue its writ of mandate until the expiration of sixty days from the rendition of its judgment. (*People v. District Court of Appeal*, 193 Cal. 19 [222 Pac. 353].) The inquiry is thus reduced to the question whether the writ which was issued under the judgment in the unlawful detainer action has become *functus officio* by lapse of time.

In so far as the writ is of the nature of a *fieri facias*, i. e., in so far as it is a writ of execution commanding respondent to satisfy that part of the judgment which awards damages to the plaintiffs in the action, its force has unquestionably been spent. No levy ever was made upon the property of the judgment debtors prior to the return day. **[2]** In the enforcement of a writ of execution issued upon a common-law judgment for money the levy is the essential act by which the property is set apart for the satisfaction of the judgment; and the officer's authority to make the levy is limited to the return day of the writ. (*Southern California L. Co. v. Hotel Co.*, 94 Cal. 217 [28 Am. St. Rep. 115, 29 Pac. 627].) Petitioners have cited authorities which support the proposition that when a stay of proceedings is ordered the time of the stay is not to be computed as part of the time in which the writ runs to the return day. We have no quarrel with this rule nor with the authorities which sustain it. But here there was no order staying execution. What purports to be such an order was a mere nullity. It was a stillborn, lifeless thing, and in the eye of the law was inexistent.

**[3]** Though the writ has become *functus officio* and ineffective in so far as it is a *fieri facias* commanding the sheriff to satisfy the judgment for damages, it still possesses life and efficacy in so far as it is a writ of possession directing the sheriff to make restitution of the premises. In precepts for the sale of property under a decree foreclosing a lien upon specific real property the time within which the sale is directed to be made is but directory, and the sale may be made after the return day. (*Southern California L. Co. v. Hotel Co., supra.*) In such cases the lien is not created by a levy, nor is it created by or under the writ. So also in cases of unlawful detainer, the right to dispossess is not the outgrowth of the writ. The judgment gives in terms the right of re-entry and restitution. The only office of the writ

of possession is to enforce such right. In cases of that character the writ is the visible authority for doing in fact that which the judgment determines as done in law already. The position of the parties to the unlawful detainer action is the same before the return day as after; and no greater reason can exist why the writ of possession in such cases should be executed in whole or in part within the sixty days than must arise on a writ for the sale of real estate under a decree of court. It would seem, therefore, that the two writs are analogous, and that both may be fully executed after the return day. It was so held in *Witbeck* v. *Van Rensselaer*, 2 Hun (N. Y.), 55; affirmed in 64 N. Y. 27. Mr. Freeman, referring to this New York case, says that "the latest and best considered decision on the subject indicates that such writ [of possession] remain in force irrespective of the lapse of time, until their actual execution." (3 Freeman on Executions, 3d ed., sec. 473.)

The fact that the order which Judge Burks signed is regular upon its face does not present an insuperable barrier to the issuance of a writ of mandate to compel respondent to restore petitioners to possession. **[4]** The authorities are unanimous in holding that *mandamus,* under ordinary circumstances, is the proper means for compelling a sheriff to enforce a writ of possession. (*Fremont* v. *Crippen,* 10 Cal. 211 [70 Am. Dec. 711]; *North Pacific Coast R. Co.* v. *Gardner,* 79 Cal. 213 [21 Pac. 735]; *Quan Wo Chung & Co.* v. *Laumeister,* 83 Cal. 384 [17 Am. St. Rep. 261; 23 Pac. 320]; *Webster* v. *Ballou,* 108 Me. 522 [Ann. Cas. 1913B, 567, 81 Atl. 1009].) Indeed, this much seems to be conceded by respondent. He insists, however, that it is not a sheriff's duty to sit in judgment upon judicial acts, and that therefore where, as here, a judge of the trial court has made an order staying proceedings, *mandamus* will not lie to compel him to disobey that order even though it be a nullity.

**[5]** Without doubt, if a writ or an order commanding a sheriff to do or to refrain from doing an act be legal upon its face and show an apparent jurisdiction, and if the court issuing the writ or making the order has jurisdiction of the subject matter, the officer will be protected when in good faith he acts in obedience to the writ or to the order. But the rule which justifies an officer who acts under an apparently regular order or process is one of protection merely.

It is a shield, but not a sword. (*Wilson* v. *Sawyer,* 37 Ala. 631.) If the court have jurisdiction of the subject matter then, even though its judgment be void, as, for example, if it be void for want of jurisdiction over the person, the officer, if sued for damages, may defend under the writ. (24 R. C. L., tit. "Sheriffs," sec. 88.) But though the sheriff may defend if he obeys the court's command, he cannot build any adverse rights upon a void order or upon a writ issued under a void judgment. (*Wilson* v. *Sawyer, supra.*) [6] If the court have jurisdiction of the subject matter, the sheriff, if he obeys, will be protected; but if the judgment be void for any reason he is under no legal obligation to obey, even though jurisdiction of the subject matter does exist, and he may disregard the court's fiat with impunity. In *Ward* v. *Deadman,* 124 Ala. 288 [82 Am. St. Rep. 172, 26 South. 916], the court said: "If the judgment was void, the constable could have availed himself of this as a defense for *not* obeying its mandate; but in such case the execution will operate to protect him in its execution." (Italics ours.) In *Commonwealth* v. *Magee,* 8 Pa. St. 240 [44 Am. Dec. 509], the court, without expressly deciding the question, bases its decision upon the assumption that if a stay order be made by a judge who is without authority of law to make it, the sheriff is under no obligation to obey it, and he may proceed to execute the writ notwithstanding the judge's order. There the court used this language: "The inquiry is thus reduced to the single question, whether his [the judge's] order to stay proceedings was obligatory on the sheriff, or a nullity, commanding neither respect nor obedience." The court then proceeds to show that in that case the judge did have authority to make the order, and that because the order was authorized by law its effect was to hang up the execution until after the return day, the court saying: "The power of acting residing in the judge, it is no part of the sheriff's business to inquire whether it has been executed in an orderly manner, or to determine how far the steps properly precedent to the order have been taken. In this respect the fiat at chambers is analogous to a writ, which the sheriff is bound to execute, though it be irregular; *the distinction being between process voidable for irregularity, and process void by lack of jurisdiction of the subject.*" (Italics ours.)

The cases relied upon by respondent are not in point. In the case upon which he seems to place the greatest reliance, *Buffandeau* v. *Edmondson*, 17 Cal. 438 [79 Am. Dec. 139], the order which directed the issuance of the injunction to restrain the sheriff from proceeding under the writ of execution was made by a court of competent jurisdiction; and though the order may have been erroneous, it certainly was not void.

We know of no case which questions the right of the sheriff to inquire into the jurisdiction of the court or judge to make the stay order. Indeed, many of the decisions expressly recognize such right. Thus, in *Williams* v. *Stewart*, 12 Smedes & M. (Miss.) 533, the court says: "The record shows the fiat of the circuit judge, directing the *supersedeas* to issue, and beyond this the sheriff need not look. It is not for him to inquire into the *propriety* of the grant of the fiat *but only as to the jurisdiction of the court to grant it."* (Italics ours.) In the present case the stay order was a nullity. The subject matter of the order, i. e., the stay of proceedings under a writ of restitution in an unlawful detainer action, was one which lay wholly outside the jurisdiction of the judge who signed the order. [7] It is well established that if the court or judge is without jurisdiction of the subject matter the sheriff not only may refuse to obey a precept from such court or judge, but he will not be protected if he does obey it. In such cases the officer is without authority to act under the void precept. (24 R. C. L., tit. "Sheriffs," sec. 88.)

[8] There is no merit in respondent's point that *"mandamus* is not the proper remedy to use to attack an order staying execution." The writ of mandate is not sought for the purpose of attacking the stay order. Its direct purpose is to compel respondent to perform a duty enjoined upon him by law. And if between that duty and its performance respondent sees fit to interpose a void order, it cannot be said that the purpose of the *mandamus* is to attack that order merely because it is our duty to disregard it and to treat it as an unbegotten thing.

It is ordered that the peremptory writ of mandate issue commanding respondent to execute the writ in so far as it

is a writ of possession directing the sheriff to make restitution of the premises.

Works, J., and Craig, J., concurred.