[Sac. No. 1121. In Bank.—May 25, 1903.]

WILLIAM BATEMAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and FRANK H. KERRIGAN, Judge, Respondents.

UNLAWFUL DETAINER—BREACH OF COVENANTS—SATISFACTION OF JUDGMENT—SETTING ASIDE VOID ORDER—CONSTRUCTION OF CODE.—Where an action of unlawful detainer is brought both for non-payment of rent and for breach of other covenants of the lease, and a verdict and judgment is rendered upon all grounds alleged for trebled rents, for costs, and for the recovery of the demised premises, and forfeiture of the unexpired leasehold, the court has no power within five days after judgment, under section 1174 of the Code of Civil Procedure, to satisfy the judgment upon payment of rents, interest, and costs, and to restore the defendant to his leasehold estate. Such power only exists where the judgment is for non-payment of rent only, and an *ex parte* order entering satisfaction of a judgment founded upon breaches of other covenants also is void, and should be set aside upon proper application.

ID.—APPEAL FROM VACATING ORDER—STAY OF EXECUTION.—An appeal from an order setting aside the satisfaction of judgment does not restore the entry of satisfaction, nor preclude the execution of the judgment pending the appeal at sole peril of its result if there is no direction by the trial judge for a stay of proceedings thereon pending the appeal, and where no undertaking has been given to stay the execution. Execution will not be stayed by writ of *supersedeas, mandamus,* or prohibition from this court, in the absence of a direction from the trial judge.

APPLICATION for *supersedeas* to the Superior Court of the City and County of San Francisco pending appeal from an order setting aside a satisfaction of judgment. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Petitioner.

William B. Bosley, and Garret W. McEnerney, for Respondents.

HENSHAW, J.—This is an application for a *supersedeas,* based upon the following facts: The Electric Laundry Company prosecuted its action for unlawful detainer against William Bateman, petitioner herein, which action was founded upon an alleged breach of covenant and upon alleged default in the payment of rent. The cause was tried before a jury. The instructions of the court to the jury were upon the law covering both grounds of action. The jury returned a verdict in favor of plaintiff, and judgment followed accordingly, for the sum of $3,360 as treble rents, the sum of $163 as costs of suit, for the recovery of the demised premises, and for forfeiture of the unexpired term of the leasehold. From this judgment defendant appealed, filing an undertaking upon appeal in the sum of $300, but neither filing nor applying for an order fixing the amount of the undertaking to stay execution, as provided by section 1176 of the Code of Civil Procedure. Thereafter defendant, by his counsel, and in the absence of the judge who tried and rendered judgment in the cause, appeared before another judge of the superior court, and paid into court the sum of $1,312, the amount of rent due, together with interest and costs. Representation was made to

the court and judge (respondent herein) that the judgment had been rendered solely for default in the payment of rent, and that therefore defendant was entitled to relief under the provisions of section 1174 of the Code of Civil Procedure, and thus an order was obtained directing the entry of a satisfaction of judgment and the restoration to defendant of his leasehold estate. This order was given *ex parte,* without notice to the plaintiff. Being advised of it, upon the following day, plaintiff made application to the court for its vacation and cancellation, and after a full hearing the judge and the court which granted the order made its further order vacating and setting it aside. From this last order of the court petitioner appeals, and here seeks by *supersedeas,* or by prohibition, or by mandate, to stay the execution of the judgment in unlawful detainer, his contention being, that his appeal from the order vacating the order for satisfaction of judgment stays all proceedings upon that order, so that the judgment stands satisfied, and therefore beyond the reach of execution absolutely, or at least until the order here appealed from shall be affirmed upon appeal.

Under this statement of facts it becomes apparent that the determination of the question presented necessitates a consideration of the nature of the action of the Electric Laundry Co. *v.* Bateman, the character of the judgment therein rendered, and to this extent the merits of the principal appeal, the appeal from the judgment, which is not yet regularly before this court. But petitioner cannot complain of this, since having invoked the aid of the court for his relief, in granting or withholding it, all matters pertinent to that consideration and properly presented, as here, by the answer of respondent, must come under review.

From a reading of the pleadings, of the instructions of the trial judge to his jury, and of the judgment which followed that jury's verdict, it is plain that the action was, as above stated, for the recovery of the demised premises after default in the payment of rent, and after breach of another material covenant. It is equally plain, therefore, that the court was misled upon the *ex parte* application in receiving the amount of rent, with interest and costs, and upon its reception ordering satisfaction of the judgment and restoration of the prem-

ises to the defendant. It is where the proceeding is in unlawful detainer after default in the payment of rent only that the defendant within five days after judgment, may pay into court for the landlord the amount found due as rent, with interest thereon and costs, and, so satisfying the judgment, be restored to his estate. (Code Civ. Proc., sec. 1174.) "In all other cases the judgment may be enforced immediately" (Code Civ. Proc., sec. 1174), provided that in case of hardship the court may relieve against forfeiture "where application for such relief is made within thirty days after forfeiture declared by the judgment upon verified petition, a copy of which, with notice, must be served upon the plaintiff, who may appear and contest." (Code Civ. Proc., sec. 1174.) The latter course was not pursued in this case.

The *ex parte* order of the court having been erroneous'y and improvidently made, to the substantial injury of the rights of the prevailing party, it was clearly the duty of the court to set that order aside, as, after a full hearing, it did. What, then, is the effect of an appeal from the order after final judgment which vacates the order for the satisfaction of judgment so improvidently made? The judgment in the Electric Laundry Co. *v.* Bateman directs the payment of a specified sum of money ($3,523), and the execution thereof cannot be stayed unless defendant shall give a stay-bond in the sum of $7,046. (Code Civ. Proc., sec. 942.) The judgment further directs the delivery of possession of real property, and the execution of this judgment cannot be stayed unless defendant gives a stay-bond in such sum as the court may direct as indemnity against prospective waste and to secure the full value of the use and occupation of the premises pending the appeal. (Code Civ. Proc., sec. 945.) The action being in unlawful detainer, "an appeal by the defendant shall not stay proceedings upon the judgment, unless the judge or justice before whom the same was rendered so directs." (Code Civ. Proc., sec. 1176.) In this case there was no direction by the judge for a stay of proceedings, no undertaking to stay the execution of the judgment was ever given, or sought to be given, but by merely taking an appeal from this order the defendant seeks to accomplish a result which, under the code, can only be obtained after a careful preservation of the rights of the prevailing litigant, in the manner there prescribed.

It appears, therefore,—1. Upon the face of the record, and from an inspection of the judgment-roll, that the order for satisfaction of judgment was an order in excess of the jurisdiction of the court, and therefore void, because such order can be made only when the judgment is for default in the payment of rent, and this action and this judgment were for other breaches of covenants as well. The order being therefore void, and this appearing from inspection of the record, it could have been disregarded in all further proceedings in the case, though it was proper to vacate it, and so relieve the record from possible embarrassment. No rights whatever can be acquired by a party litigant under such a void order.

2. It appears that the order for satisfaction of judgment was not only improvidently made, but that the court, by the affirmative action of defendant, was misled into the making of it. It is the inherent right of the court within seasonable time, and of its own motion, to rectify such errors, and the litigant who has misled the court and provoked the error will not be heard to complain of its rectification.

3. Even if the order of the court here appealed from were not an order for the vacation of an order in itself void, but from an order which was merely erroneous, or even valid, still the effect of the appeal from it is not to revive the former vacated order. The judgment stands precisely as though the order satisfying it had never been made, and the party in whose favor it has been given may proceed upon it, so far as this matter is concerned, at the sole peril of the result of the appeal from this last order. The case is the converse of that of the *Estate of Crozier*, 65 Cal. 332, where it is said: "The effect of an appeal from an order setting aside a judgment is not to revive the judgment. The judgment no longer exists, so far as the assertion of any rights under it is concerned, until it shall be brought into force again by a reversal of the order setting it aside. . . . The code does not provide that an order appealed from shall cease to exist—be annulled—but that it cannot be further enforced by a proceeding upon it."

4. In the absence of a direction from the trial judge, this court has no power to order a *supersedeas* in such a case as this. (*Cluness* v. *Bowen*, 135 Cal. 660.)

For the foregoing reasons the application for *supersedeas*, or prohibition, or mandate, is denied.

McFarland, J., Van Dyke, J., and Lorigan, J., concurred.

Shaw, J., concurred on the third and fourth points stated in the opinion and in the judgment.

Angellotti, J., concurred with Shaw, J.

Rehearing denied.