[Civ. No. 2244. Third Appellate District.—October 16, 1920.]

# A. S. CANDEIAS, Petitioner, v. SUPERIOR COURT OF MERCED COUNTY et al., Respondents.

[1] APPEAL — STAY OF EXECUTION — DISCRETION OF TRIAL COURT — MANDAMUS.—It is for the trial court to determine whether without a stay of execution pending an appeal from a judgment of dispossession in an unlawful detainer suit the objects would be defeated, or that a stay is reasonably necessary to protect appellant from irreparable or serious injury in case of a reversal, or whether with a stay respondent, in event of affirmance, will sustain an irreparable or disproportionate injury; and the appellate court, in a proceeding for a writ of mandate to compel the trial court to order a stay of execution pending appeal from such judgment, cannot substitute its own discretion for the discretion vested by law in the judge of the trial court to pass upon the merits of the application for a stay.

[2] ID.—REFUSAL OF STAY—JURISDICTION—MANDAMUS.—In order to invoke against the trial judge the writ of mandate to compel the ordering of a stay of execution pending an appeal from a judgment of dispossession in an unlawful detainer action, the petitioner must show from the record that there were no facts or circumstances to sustain the action of the trial judge in refusing the application for a stay, and that consequently the order refusing to grant the stay was without jurisdiction.

[3] ID.—MANDAMUS TO COMPEL STAY—CAUSE FOR REFUSAL—EVIDENCE. In this proceeding for a writ of mandate to compel the trial court to order a stay of execution pending an appeal by petitioner from a judgment of dispossession in an action in unlawful detainer, in view of the showing that the injury by petitioner to the alfalfa, which was a portion of the land, was willful, and was continued even after the trial of the case, and was progressive in its nature, and that the attempts of petitioner to restore the alfalfa by replowing and reseeding were abortive by reason of his unfarmerlike methods, the appellate court could not say that the judge of trial court acted without semblance of cause in finding that irreparable injury would be caused the plaintiff in the unlawful detainer action if petitioner were permitted to remain in possession of the premises, and that an appeal bond would not afford him full protection.

PROCEEDING in Mandamus to compel the Superior Court of Merced County and E. N. Rector, Judge thereof, to order a stay of execution. Writ discharged.

The facts are stated in the opinion of the court.

L. C. Pistolesi and O. F., Meldon for Petitioner.

F. W. Henderson for Respondents.

BUCK, P. J., *pro tem.*—*Mandamus* to compel respondent, as judge of the superior court of the county of Merced, to order a stay of execution upon a judgment of dispossession rendered against petitioner in an unlawful detainer suit now on appeal to this court.

From the petition and return it appears that petitioner was the tenant of one Pfitzer of an eighty-acre dairy farm under a five-year lease, expiring in December of 1922. At the time of the lease there were about forty-five acres of the land planted to alfalfa, and by the terms of the lease petitioner agreed to ''keep all stock off of the alfalfa land when the same is wet; to keep the hogs in a special field, and not to allow the same to run in any other field or fields; and in the event that any of the alfalfa is tramped out or damaged by stock, said party of the second part (petitioner) agrees to reseed the same at his own cost and expense.'' The petitioner had on the premises about eighty dairy cows and the necessary implements and appliances for conducting a dairy business.

On April 21st of this year an action in unlawful detainer was commenced by the lessor against the petitioner wherein it was claimed that the petitioner had failed and refused to keep his stock off the said alfalfa land when it was wet, but had suffered it to run upon the land seeded to alfalfa while the same was wet, and that by reason of its being wet, cattle pasturing thereon bogged into the same, tracked it up, and injured and destroyed to a great extent the alfalfa growing thereon. Upon a trial of the cause and the hearing of testimony the court found in accordance with the foregoing allegation, and further found that by reason of the pasturing of said land ''that plaintiffs have been damaged in the sum of one hundred dollars, and that defendant has violated the covenants of his lease,'' and rendered judgment restoring to plaintiffs the possession of the property, and evicting defendant therefrom, and for a cancellation of the lease. That thereafter petitioner filed his notice of appeal

and made application to the judge of the court, respondent herein, to fix the amount of the bond on appeal, pursuant to section 945 of the Code of Civil Procedure, and for an order directing a stay of execution upon the filing of the bond, pursuant to section 1176 of the Code of Civil Procedure. A hearing was had upon this application and there was testimony to the effect that petitioner, since the trial of the action, had, by unfarmerlike methods, failed properly to irrigate and properly direct the irrigation water over the land seeded to alfalfa; had caused great injury to the land seeded to alfalfa, and to the crops growing thereon; that his work in the way of plowing and reseeding had been of no advantage to himself or the owner; that a portion reseeded in 1920 to alfalfa by the petitioner had failed to produce a fair stand of alfalfa; that the injury done by him to the premises was progressive in its nature, and that the further occupancy of the premises by him would be detrimental to the interests of the owners of the land; that a portion of the premises upon which there was a fair stand of alfalfa at the time petitioner entered into possession had been plowed up since the trial of the action, and that this work was of no benefit to the property; that the methods pursued by petitioner in the cultivation of the premises and the irrigation of the crop, the drainage of the irrigated land, and the care of the premises generally, were unfarmerlike; that upon the trial of said action testimony was adduced by the plaintiffs satisfying the court's mind that the pasturing of cattle upon said premises while wet was willful; that the field where the principal damage was done had deteriorated from a field which, when petitioner went into possession, produced from five to six tons of alfalfa hay per year, produced not more than one-half a ton to one ton a year, and that principally foxtail; that the evidence on the part of the plaintiff was also, in substance, that petitioner had plowed up certain portions of the land, and plaintiffs had furnished seed twice for the reseeding thereof; that the work so done proved of no value, and no stand was obtained; that upon the third demand being made by petitioner upon plaintiffs, plaintiffs refused to furnish further seed because of petitioner's unfarmerlike methods and failure to get results.

Upon the hearing of the motion for a stay, counsel for petitioner represented that petitioner had stored upon said premises a quantity of hay, amounting to about 150 tons, and plaintiff stated in open court that a reasonable time would be allowed said petitioner to remove the hay.

From the testimony taken at the trial, and upon the hearing of the application for a stay, respondent was convinced "that if petitioner were permitted to continue in possession of said premises, the injury done by him thereto would be irreparable, and that the owners of said premises would not be protected by any bond given by him; that the damage done by petitioner, not only to the crops thereon, but also to the land itself, would be continuous." Whereupon the respondent denied the application for a stay.

[1] In this proceeding for a writ of mandate this court cannot substitute its own discretion for the discretion vested by law in the judge of the lower court to pass upon the merits of the application for a stay. It was for that court to determine whether without a stay the objects of the appeal would be defeated, or that a stay was reasonably necessary to protect appellant from irreparable or serious injury in case of a reversal; or whether with a stay respondent, in event of affirmance, will sustain an irreparable or disproportionate injury. (3 Corpus Juris, pp. 1289–1290, and cases cited.)

[2] In order to invoke against the respondent herein the writ of *mandamus* petitioner must show from the record that there were no facts or circumstances to sustain the action of the trial judge in refusing the application for a stay, and that consequently the order refusing to grant the stay was made without jurisdiction; or, as stated in the case of *Raisch* v. *Board of Education,* 81 Cal. 542, at page 546, [22 Pac. 890, 891], "there was no semblance of cause" for the action of the court; or, as stated by Mr. Justice Henshaw in the case of *Newlands* v. *Superior Court,* 171 Cal. 741, at page 744, [154 Pac. 829, 831], petitioner should show "that discretion under the facts can be legally exercised in but one way," before he will be entitled to his writ of mandate. The case of *Wood* v. *Strother,* 76 Cal. 545, [9 Am. St. Rep. 249, 18 Pac. 766], relied upon by counsel, as cited in *Hensley* v. *Superior Court,* 111 Cal. 541, at page 543, [44 Pac. 232], goes no further than to

hold that where "the law affixes a right to specific relief from certain facts, and there is no question made as to the existence of such facts, the court has no discretion to refuse the relief. In such a case the limit of the discretionary power of the court has been reached, and nothing but a clear duty remains." (See, also, *Kaiser* v. *Hancock*, 25 Cal. App. 323, [143 Pac. 614]; *Plummer* v. *Agoure*, 20 Cal. App. 319, [128 Pac. 1014].)

[3] Therefore, in view of the showing in this case that the injury to the alfalfa, which was a portion of the land, was willful, and was continued even after the trial of the case, and was progressive in its nature, and that the attempts of petitioner to restore the alfalfa by replowing and reseeding were abortive by reason of his unfarmerlike methods, this court cannot conclude that the respondent acted without semblance of cause in finding that irreparable injury would be caused plaintiff if the defendant were permitted to remain in possession of the premises, and that an appeal bond would not afford plaintiff full protection.

The petitioner, therefor, having failed to show that the respondent was acting outside of his duty in refusing to grant the stay, the writ should be discharged, and it is so ordered.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 13, 1920.

All the Justices concurred.