[Civ. No. 4691.   Second Appellate District, Division Two.—March 28, 1924.]

## MARTHA J. ST. CLAIR, Respondent, v. RACHEL E. JOOS, Appellant.

[1] UNLAWFUL DETAINER — STAY OF EXECUTION — NUNC PRO TUNC ORDER.—In a suit in unlawful detainer, where a stay of execution is actually granted pursuant to the statute, and its entry is omitted, it may be subsequently entered and, if justice requires, may be made to take effect *nunc pro tunc* as of the date when it was actually made; but where a stay is not granted, such deficiency cannot be supplied by an order, intended as one *nunc pro tunc,* made almost a year after the entry of judgment in the case.

[2] ID.—APPEAL—STAY BY DIFFERENT JUDGE.—Under section 1176 of the Code of Civil Procedure, an appeal taken by the defendant in an unlawful detainer action shall not stay proceedings upon the judgment unless the judge or justice before whom the same was rendered so directs; and any assertion of a stay of execution resulting from the acts or orders of other judges taking part in the proceedings subsequent to the judgment is ineffectual.

[3] Id.—Filing of Undertaking—Absence of Stay.—In a suit in unlawful detainer, the mere filing of an undertaking by the defendant will not effectuate a stay of execution.

[4] Id.—Failure of Sureties to Justify—Stay Voided.—In a suit in unlawful detainer, the failure of the sureties to justify on the new undertaking, after the original bond had been declared insufficient, will operate to void any stay of execution, even where such stay had been previously ordered.

[5] Id.—Absence of Order to Stay Proceedings—Supersedeas.—By virtue of section 1176 of the Code of Civil Procedure, the power to stay proceedings upon a judgment in unlawful detainer is vested in the trial judge, and in the absence of such direction the appellate court has no power to order a *supersedeas.*

(1) 15 C. J., pp. 975, 976, sec. 395. (2) 26 C. J., p. 880, sec. 171 (1926 Anno.). (3) 26 C. J., p. 880, sec. 173 (1926 Anno.). (4) 3 C. J., p. 1312, sec. 1440 (1926 Anno.). (5) 3 C. J., p. 1287, sec. 1408.

APPLICATION for a Writ of Supersedeas upon appeal from a judgment of the Superior Court of Los Angeles County. F. M. Jamison, Judge Presiding. Writ denied.

The facts are stated in the opinion of the court.

F. E. Davis and L. E. Dadmun for Appellant.

J. Wiseman MacDonald, Joseph Musgrove, W. W. Wallace and Harold J. Cashin for Respondent.

CRAIG, J.—Judgment having been given for the plaintiff and respondent in a suit in unlawful detainer, the defendant appealed and furnished undertaking for an attempted stay of execution, and the sureties thereon justified pursuant to notice. About six months later respondent moved the court for an order to require a new bond upon the ground that the sureties had become insufficient, and such order being granted, new sureties were furnished, but after several continuances of the hearing failed to qualify.

Appellant contends that execution was stayed, and here seeks a *supersedeas,* contending (1) that the sureties tendered on the new undertaking should have been accepted upon the showing made in the court below, and that this court ought to approve such undertaking; or (2) that ap-

5. See 12 Cal. Jur. 627.

pellant having shown good faith, she is entitled to have execution stayed upon furnishing another undertaking, and that if afforded the opportunity to do so, she can obtain bondsmen capable of justifying in the amount required.

The issues were tried and judgment entered thereon March 28, 1923, by Honorable F. M. Jamison of Modoc County, and on May 25th, Honorable L. H. Valentine of Los Angeles County made an order reciting that: "Upon the hearing in the above-entitled action this day held, at which both parties were represented by respective counsel, the amount of the undertaking on appeal in the above-entitled action is hereby fixed at the sum of $3,000.00." Previously, and on the 18th of April, 1923, an undertaking in the sum of $1,500 was filed, and pursuant to notice of exception to sureties served May 8th, they appeared and justified. On June 16th counsel for appellant wired Judge Jamison at Alturas: "Presiding judge here made orders fixing amount of undertakings on appeals, examined the sureties thereon, approved the undertakings, and same are filed. It may be necessary however under section eleven seventy-six C. C. P. for you as trial judge to grant order staying execution. Will you kindly do so and mail such order to me at once wiring me to that effect at my expense." On June 19th Judge Jamison replied by wire as follows: "Will make orders staying execution in two cases of Sinclair against Joos. Have not data at hand to prepare orders. Prepare them and send them to me and I will sign and send clerk for filing." It is stipulated that the predecessor of the present counsel for appellant would testify that to the best of his recollection he prepared such order, and that he was under the impression that the same was signed. However, it is further stipulated that "there is not on file among the papers in the case of St. Clair vs. Joos, No. 111662, any written order signed by the Honorable F. M. Jamison staying the execution of the judgment rendered in said case, and that the register of actions in said case does not show that any such order was made."

On November 17th respondent served upon appellant a notice of motion for a new bond upon the ground that the sureties on the undertaking theretofore filed by appellant had become insufficient, and on December 17th Honorable Victor R. McLucas signed an order reciting that, it appear-

ing from an examination of said sureties that since the giving of said undertaking they had become insufficient, appellant should give a new undertaking in the sum of $3,000, and that the time therefor be extended to January 3, 1924. An undertaking was filed by appellant on the second day of January, 1924, and objection to their sufficiency having been made by respondent, the sureties appeared before Honorable John M. York on January 18th and testified. The court then suggested that said sureties sign a new bond and on January 30th another undertaking was filed, the matter having been continued from time to time, and on February 1st, upon objection by respondent, the court refused to accept said sureties, and declined to grant further time requested by appellant for the production of additional sureties. Appellant was served on February 2d with a notice to vacate the premises in suit.

On February 19, 1924, Judge Jamison signed, and thereafter there was placed on file, the following order:

"Good cause appearing therefor, and by virtue of the power and authority vested in me by the provisions of Section 1176 of the Code of Civil Procedure of the State of California, as the judge who tried the above entitled action,

"It is hereby ordered, and this does hereby order and direct that the proceedings upon the judgment rendered in favor of plaintiff in the above entitled action against the above named defendant are hereby stayed, and that the defendant is hereby required to give a bond and undertaking staying execution of the judgment rendered in the above entitled action, the amount of said undertaking to be fixed by any judge of the above entitled court.

"Dated this 23rd day of June, 1923. ₀Witness my hand this February 19th, 1924, as of the date of June 23rd, 1923.

"F. M. JAMISON.

"Judge of said Superior Court and Judge who tried said cause."

From the foregoing it appears that neither the files nor the register of actions reveals any order staying execution made by Judge Jamison, who tried the case, except that of February 19, 1924, which was dated back nearly eight months; also, that the only bond which was ever approved was filed a month and twenty-one days after the date of the judgment.

This petition for *supersedeas* must be denied for several reasons.

[1] Whether or not the judge who is required by statute to decide whether execution shall be stayed pending appeal may delegate the power to fix the amount of bond, no order conferring such authority was in existence when the amount was fixed at $3,000, or when the sureties were accepted; but assuming that Judge Jamison's order of February 19, 1924, apparently intended as one *nunc pro tunc,* could have been made and filed to supply a discrepancy in the record of the case concerning acts which had in fact taken place, there is no record of a stay having actually been granted prior to that order, nor does the order recite that such was the fact. In the *Estate of Skerrett,* 80 Cal. 62, 63 [22 Pac. 85], the supreme court said of such an order: "Where all the conditions upon which the entry of a judgment or order depends exist, and the making or entry of the order is a mere ministerial duty or matter of course, and the performance of the duty is neglected or delayed, or where an order has actually been made and its entry omitted, we suppose it may be subsequently entered, and if justice requires, may be made to take effect *nunc pro tunc,* as of the date when it was actually made, or at the time when existing conditions imposed upon the court or its officer the duty of entering it. But here the making of the order in question rested entirely in the discretion of the superior judge, and was never a matter of course. Therefore, it could never have an existence until his discretion was exercised. And if it was actually made prior to February 5th, and its entry omitted, the fact that it was so made at the proper time should be shown by the record of the superior court."

In *Hegeler* v. *Henckell,* 27 Cal. 491, it was held that corrections may be made *nunc pro tunc,* but that the record itself must show the error. And in *Kaufman* v. *Shain,* 111 Cal. 16, 19 [52 Am. St. Rep. 139, 43 Pac. 393, 394], it was said: "In the exercise of this power the court is not, however, authorized to do more than to make its records correspond with the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never in fact made."

[2]    Section 1176 of the Code of Civil Procedure pro-
vides that "An appeal taken by the defendant shall not stay
proceedings upon the judgment unless the judge or justice
before whom the same was rendered so directs." Any asser-
tion, therefore, of a stay of execution resulting from the acts of
the various judges who took part in the subsequent proceed-
ings would be ineffectual. Petitioner herein seeks to rely
upon the ruling in *Hill* v. *Finnigan*, 54 Cal. 493, and the line
of cases following it, but in *McDonald* v. *Hanlon*, 71 Cal.
535 [12 Pac. 515], it was said, as to an action in unlawful
detainer: "This was an amendment to the code of March 9,
1880, and it is claimed that the power of accepting an under-
taking and directing a stay of proceedings is vested thereby
in the court that tried·the case exclusively. Such seems to
have been the understanding of the statute, for, as has been
remarked, application for a stay was first made to the court
that tried the case. In this interpretation of the statute we
agree, . . . " And *Cluness* v. *Bowen*, 135 Cal. 660, 662
[67 Pac. 1048, 1049], held: "The restriction of that section
takes the case at bar out of the rule declared in *Hill* v. *Fin-
nigan*, 54 Cal. 493, as applicable to ordinary civil cases with
respect to which there is no such restriction. It was so ex-
pressly held by this court in *McDonald* v. *Hanlon*, 71 Cal.
535 [12 Pac. 515], and by Chief Justice Searls in *Gross* v.
*Kelleher*, 73 Cal. 639 [15 Pac. 362]."

Section 681a of the Code of Civil Procedure also provides:
"The court or the judge thereof shall not have the power,
without the consent of the adverse party, to stay, for a
longer period than thirty days, the execution of any judg-
ment or order, the execution whereof would be stayed on
appeal only by the execution of a stay bond."

· [3]    The mere filing of an undertaking would not effectu-
ate a stay of execution in a case of this nature, and on
February 4, 1924, when the petition for *supersedeas* was
filed in this court, the attempted *nunc pro tunc* order was
not in existence. That order and the records being silent
as to a stay having been in fact granted, but not entered,
the order was ineffectual to create a stay of proceedings as
of June 23, 1923, and it cannot be given such effect as of
the date it was signed, February 19, 1924; furthermore,
the court expressly directs that it be dated, and it obviously
was the intention that it be entered as of June 23d.

[4]   The failure of sureties to justify on the new undertaking, after the original bond had been declared insufficient, would have operated to void any stay of execution, had such previously been granted.   (*Wittram* v. *Crommelin,* 72 Cal. 89 [13 Pac. 160] ; *Swasey* v. *Adair,* 83 Cal. 136 [23 Pac. 284] ; *Duncan* v. *Times-Mirror Co.,* 109 Cal. 602 [42 Pac. 147].)

[5]   ''By virtue of section 1176, the power to stay proceedings upon a judgment in unlawful detainer is vested in the trial judge, and in the absence of such direction this court has no power to order a *supersedeas.*   (*Bateman* v. *Superior Court,* 139 Cal. 140 [72 Pac. 922].)''   (*Plummer* v. *Agoure,* 20 Cal. App. 319, 323 [128 Pac. 1014, 1016]. See, also, *Sarthou* v. *Reese,* 151 Cal. 96, 97 [90 Pac. 187].)

The petition for *supersedeas* is denied.

Finlayson, P. J., and Works, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 26, 1924.