[No. AO18602. First Dist., Div. Two. Feb. 17, 1983.]

SEYMOUR MEHR et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
PETER FINNEGAN, Real Party in Interest.

**COUNSEL**

Joe R. McCray and Cliff Weingus for Petitioners.

No appearance for Respondent.

Milton Katz for Real Party in Interest.

**OPINION**

**ROUSE, Acting P. J.**—In this application for writ of mandate, we consider whether respondent court abused its discretion in denying a stay of execution pending an appeal from a judgment which was rendered in favor of Peter Finnegan, real party in interest, and against the Mehrs, who are petitioners in this proceeding.

The matter began when Finnegan instituted an unlawful detainer action against the Mehrs, seeking to remove them from possession of their home

located at 537 Liberty Street, San Francisco. The action was initiated pursuant to section 1161a of the Code of Civil Procedure.[1] In the complaint, Finnegan claimed to be the owner of the property by virtue of purchase at a trustee's sale held on August 13, 1981.

After Finnegan filed his unlawful detainer action, the Mehrs initiated a separate action against Finnegan to set aside the trustee's deed on the grounds that, in conducting the sale, the trustee had failed to comply with statutory provisions and that the trustee's deed under which Finnegan claimed title had been obtained by fraud. The Mehrs also asserted similar claims by way of affirmative defenses in the unlawful detainer action. After the unlawful detainer action, originally filed in the municipal court, had been transferred to the superior court, the Mehrs moved to consolidate the actions, pursuant to section 1048, subdivision (a), of the Code of Civil Procedure. The basis for their motion was that each involved common questions of fact and law in that both actions raised the issue of the validity of the trustee's deed under which Finnegan claimed title to the property.[2]

Although filed on March 23, 1982, hearing on the motion to consolidate was not had until May 11, 1982, at which time the motion was denied. The Mehrs then sought a continuance of the trial of the unlawful detainer action so that they might seek a writ from this court. The motion for continuance of the trial date was also denied, and the unlawful detainer action came on for trial on May 21, 1982.

On June 2, 1982, judgment for possession was entered in favor of Finnegan and against the Mehrs. The judgment also awarded damages in the amount of $950 per month from December 1, 1981, to the date of the judgment. The judgment further provided for a 30-day stay of execution on condition that the Mehrs pay Finnegan $950 for said 30-day period, and additionally provided that the court would entertain a further motion for a stay of execution. The

---

[1]Section 1161a of the Code of Civil Procedure provides, in relevant part, that "In either of the following cases, a person who holds over and continues in possession of real property, after a three-day written notice to quit the same, shall have been served upon him . . . may be removed therefrom as prescribed in this chapter. [¶] . . . 3. Where the property has been duly sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him, or a person under whom he claims, and the title under the sale has been duly perfected."

[2]Section 1048, subdivision (a), of the Code of Civil Procedure provides that "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Mehrs filed notice of appeal and moved for a stay of execution pending the determination of their appeal. On July 23, 1982, the motion for stay of execution pending the determination of the appeal was denied by respondent court.

The Mehrs then petitioned this court for a writ of mandate to compel respondent court to grant a stay of execution pending appeal, contending that, in the absence of such a stay, they and their three small children would suffer irreparable injury in that they would be evicted from their home of 15 years. They also claimed that the appeal presented a substantial question in that, under the authority of *Asuncion* v. *Superior Court* (1980) 108 Cal.App.3d 141 [166 Cal.Rptr. 306], their pretrial motion to consolidate should have been granted. The Mehrs further asserted that the prejudice to Finnegan would be minimal since he had never intended to live in the property; he had been paid the rental value awarded in the judgment; and that, in addition to posting an appeal bond, they were willing and able to continue to pay Finnegan $950 per month by the 10th day of every month during the pendency of the appeal.

Section 1176, subdivision (a), of the Code of Civil Procedure provides that "An appeal taken by the defendant shall not stay proceedings upon the judgment *unless the judge before whom the same was rendered so directs.*" (Italics added.) ██ ██ Believing ourselves bound by the provisions of section 1176, subdivision (a), and numerous California Supreme Court decisions construing the statute, this court denied the petition.[3] On petition for hearing to

---

[3]Section 1176, subdivision (a), of the Code of Civil Procedure was originally enacted in 1872. Over the past 110 years, numerous California Supreme Court and Court of Appeal decisions have construed the statute to mean exactly what it says, and neither supersedeas, mandate nor prohibition has been permitted to issue. (*McDonald* v. *Hanlon* (1887) 71 Cal. 535, 536 [12 P. 515]; *Gross* v. *Kelleher* (1887) 73 Cal. 639, 641 [15 P. 362]; *Lee Chuck* v. *Quan Wo Chong Co.* (1889) 81 Cal. 222, 227-228 [22 P. 594]; *Cluness* v. *Bowen* (1902) 135 Cal. 660, 662 [67 P. 1048]; *Bateman* v. *Superior Court* (1903) 139 Cal. 140, 143-145 [72 P. 922] (supersedeas, or prohibition, or mandate denied); *Sarthou* v. *Reese* (1907) 151 Cal. 96, 97-98 [90 P. 187]; *Plummer* v. *Agoure* (1912) 20 Cal.App. 319, 323 [128 P. 1014] (supersedeas); *Kaiser* v. *Hancock* (1914) 25 Cal.App. 323, 327-328 [143 P. 614] (mandate); *Jameson* v. *Chanslor-Canfield etc. Oil Co.* (1916) 173 Cal. 612, 616-617 [160 P. 1066] (appellate court has no inherent power to make provision contrary to the statute); *Candeias* v. *Superior Court* (1920) 49 Cal.App. 580, 583 [193 P. 957] (mandamus); *St. Clair* v. *Joos* (1924) 66 Cal.App. 398, 404 [226 P. 623]; *Magnaud* v. *Traeger* (1924) 66 Cal.App. 526, 528-529 [226 P. 990]; *Mendoza* v. *Small Claims Court* (1958) 49 Cal.2d 668, 671-672 [321 P.2d 9] (§ 1178, Code Civ. Proc., provides that unlawful detainer sections are controlling over "Part 2" of Code Civ. Proc.); but see *People* ex rel. *S. F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 537 [72 Cal.Rptr. 790, 446 P.2d 790] (supersedeas).)

Although the California Supreme Court is free to overrule its own prior decisions, the doctrine of stare decisis compels lower court tribunals to follow the Supreme Court whatever reason the intermediate tribunals might have for not wishing to do so. (*Olson* v. *Cory* (1982) 134 Cal.App.3d 85, 104 [184 Cal.Rptr. 325]; *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [26 Cal.Rptr. 321, 369 P.2d 937].) There is no exception for Supreme Court cases of ancient vintage.

the California Supreme Court, that court on August 3, 1982, entered an order staying execution of the judgment pending determination of the petition for hearing, on condition that, by August 10, 1982, petitioners pay $950 as provided in the judgment. On August 18, 1982, the Supreme Court granted the petition for hearing and transferred the matter to this court will directions to issue an alternative writ of mandate. The Supreme Court also ordered that the stay granted on August 3, 1982, remain in effect pending final determination of the matter.

■ By directing the issuance of an alternative writ of mandate, the Supreme Court necessarily determined that there is no adequate remedy in the ordinary course of law and that this case is a proper one for the exercise of our original jurisdiction. (*Brooks* v. *Small Claims Court* (1973) 8 Cal.3d 661, 663 [105 Cal.Rptr. 785, 504 P.2d 1249].) Therefore, we consider the merits of the petition.

*Asuncion* v. *Superior Court, supra,* 108 Cal.App.3d 141, 146, held that, consistent with due process guarantees, homeowners cannot be evicted without being permitted to raise affirmative defenses which if proved would maintain their possession and ownership. The court suggested the use of certain existing procedural devices to facilitate accommodating an unlawful detainer action with a separately filed fraud action, such as a stay of the unlawful detainer proceedings until trial of the fraud action, or, in the alternative, consolidation of the actions. (Pp. 146-147.)

■ Because of its summary character, an unlawful detainer action is not a suitable vehicle to try complicated ownership issues involving allegations of fraud. (*Asuncion* v. *Superior Court, supra,* 108 Cal.App.3d 144; *Gonzales* v. *Gem Properties, Inc.* (1974) 37 Cal.App.3d 1029, 1036 [112 Cal.Rptr. 884].) Although title *may* be litigated in an unlawful detainer action to a " '. . . limited extent, as provided by statute . . .' " (*Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 255 [142 Cal.Rptr. 414, 572 P.2d 28]; *Cheney* v. *Trauzettel* (1937) 9 Cal.2d 158, 159 [69 P.2d 832]), "section 1161a does not *require* a defendant to litigate, in a summary action within the statutory time constraints (§§ 1167, 1179a), a complex fraud claim involving activities not directly related to the technical regularity of the trustee's sale." (*Vella* v. *Hudgins, supra,* at p. 258.) In the absence of a record establishing that the claim was asserted and that the legal and factual issues therein were fully litigated, the question of fraudulent acquisition of title is not foreclosed by an adverse judgment in an earlier summary proceeding. (*Vella* v. *Hudgins, supra,* at p. 258.)

In their separate equity action, the Mehrs alleged that Finnegan and others, including the trustee and the attorney for the trustee, conspired to obtain posses-

sion of their property by unlawful means. They alleged that the fair market value of the property was $250,000; that they were lulled into believing that they had until August 14, 1981, to exercise their right of redemption, but that on August 13, 1981, the trustee sold the property to Finnegan, the sole bidder, for the inadequate sum of $69,402.81. The Mehrs prayed for an order restraining Finnegan from pursuing the unlawful detainer action; for a decree setting aside the trustee's sale of August 13, 1981; for a decree allowing redemption of the property and reinstatement of the second deed of trust; and for general and exemplary damages.

Among the affirmative defenses alleged in the Mehrs' answer to the unlawful detainer proceeding were that the alleged trustee's sale was void and of no effect in that the trustee failed to comply with the terms and conditions of section 1161a of the Code of Civil Procedure, and sections 2924 and 2924a through 2924h of the Civil Code; that Finnegan was not a bona fide purchaser for value but had participated in or had knowledge of the failure to give them notice of sale with the intent to cause a forfeiture by fraud, oppression or intentional irregularity; that the alleged trustee's sale was void and of no effect in that the sum paid by Finnegan was inadequate, and that inadequacy was a result of the irregularity in the sale, oppressive conduct and unfairness by the trustee, which conduct was known or should have been known by Finnegan.

That the question of fraudulent acquisition of title was not fully litigated in the unlawful detainer trial is attested to by respondent court's own determination that "such finding is not *res judicata* on the issue of title, and may be retried in *Mehr v. Finnegan, et al.,* San Francisco Superior Court Action No. 786-515."

It appears from the record, therefore, that the Mehrs have shown that a substantial question will be raised on appeal; that they will suffer irreparable injury by an eviction from their home prior to the determination of the appeal; and that Finnegan will not be sorely prejudiced if protected in the manner proposed. Under the circumstances, we conclude that respondent court abused its discretion in denying the Mehrs' motion for a stay of execution of the judgment pending determination of their appeal.

Let a peremptory writ of mandate issue to compel respondent court to set aside its order of July 23, 1982, denying petitioners' motion for stay of execution pending appeal, and to grant said motion, under such conditions as respondent court may deem proper.

Smith, J., concurred.

Grodin, J.,* concurred in the result.

*Assigned by the Chairperson of the Judicial Council.