[No. A035522. First Dist., Div. Three. Aug. 26, 1987.]

OLD NATIONAL FINANCIAL SERVICES, INC., Plaintiff and Respondent, v.
RICHARD W. SEIBERT, Defendant and Appellant.

462

COUNSEL

Clifford B. Malone, Jr., for Defendant and Appellant.

Jan T. Chilton and Severson, Werson, Berke & Melchior for Plaintiff and Respondent.

OPINION

MERRILL, J.—Appellant Richard Seibert appeals from a judgment in an unlawful detainer action in which possession of the property in question

was awarded to respondent Old National Financial Services, Inc. (Old National). Seibert contends that due process considerations required the trial court to grant his motion to stay proceedings in the unlawful detainer action, pending resolution of a separate fraud action filed by him against Old National and others.

I

Old National brought an action for unlawful detainer against Seibert. The complaint alleged and Seibert admitted the following facts: In August 1979 he executed a promissory note in favor of American Savings and Loan Association (American). The note was secured by a first deed of trust on his residence in Piedmont, California. Old National had also made a loan to Seibert, which obligation was secured by a second deed of trust on the Piedmont property. In June 1984 Seibert stopped making payments on his loan to American. Through its substituted trustee under the deed of trust, on July 30, 1984, American recorded a notice of default and election to sell pursuant to the provisions of the first deed of trust. Seibert admitted that on June 13, 1985, the trustee provided notice of the public auction sale of the property as required by Civil Code section 2924 and Code of Civil Procedure section 701.540 et seq. Old National purchased the property at the sale and a trustee's deed in its favor was recorded on August 16, 1985.

As required by Code of Civil Procedure section 1161a, subdivision (b) (3), Old National served a three-day notice to quit upon Seibert on September 6, 1985. However, Seibert refused to relinquish possession of the property to Old National.

At the conclusion of the unlawful detainer action the trial court awarded possession and restitution of the property to Old National.

Prior to the trial, Seibert filed a motion to stay further proceedings in the matter pending resolution of an action he had filed in Alameda County involving two Old National loans to two other individuals. In his Alameda County action, Seibert seeks to set aside the trustee's sale of the Piedmont property as well as obtain damages for Old National's alleged fraud and breach of fiduciary duty in connection with the making of these loans. The complaint sets forth that Seibert, a licensed general contractor, entered into an agreement in March 1980 with Lee and Maria Terrell to build their Orinda home. The Terrells exhausted their funds in March 1981 and obtained a loan from Old National for $277,000. Seibert claims that Old National falsely represented to him that $100,000 of that sum was to be

disbursed to him immediately and that another $150,000 would be placed in a trust account for payment to him for work and materials upon completion of the Orinda home. He alleges that in reliance on these representations he completed the project.

Seibert's Alameda County action also contains allegations of fraud in connection with a second loan made by Old National to the Terrells in December 1981. Seibert claims that in October 1981, Old National caused the Terrells to record a fraudulent notice of completion on the Orinda house without his knowledge. When he failed to record a claim of lien within the required time period, his mechanic lien rights were lost and Old National's new deed of trust had priority over Seibert's claims. As to both of these loans, it is alleged that Old National's fraud against Seibert prevented him from receiving monies to which he was otherwise entitled. In turn he became delinquent on his loans to American and Old National and lost his home through the trustee's sale.

The trial court denied Seibert's motion to stay the proceedings for the reason that his Alameda County action concerned issues unrelated to the unlawful detainer action. When Seibert renewed the motion during trial, it was again denied on the ground that his claims against Old National in his Alameda County action did not directly challenge Old National's title to the Piedmont property.

## II

The sole argument advanced by Seibert on appeal is that the trial court's denial of his motion to stay prevented the prior litigation of his fraud allegations which would have provided him with a defense to the unlawful detainer action. He contends that as an unlawful detainer proceeding is summary in nature, a stay should have been granted so as to allow him the opportunity to challenge Old National's title in his separate Alameda County fraud action. We disagree with Seibert's contention.

Code of Civil Procedure section 1161a makes the summary remedy of unlawful detainer available against persons holding over after the property has been sold under a power of sale in a deed of trust. Pursuant to this provision, the remedy is afforded where the "property has been sold in accordance with section 2924 of the Civil Code"[1] and "the title under the sale has been duly perfected." (Code Civ. Proc., § 1161a, subd. (b)(3).)

---

[1] Civil Code section 2924 sets forth the notices required concerning default, intention to sell and actual sale of property which has been used as security for the performance of an obligation in default.

■ As a general rule, in unlawful detainer proceedings, only claims bearing directly upon the right to possession are involved. (*Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 255 [142 Cal.Rptr. 414, 572 P.2d 28].) However, where title is acquired through proceedings described in Code of Civil Procedure section 1161a, courts must make a limited inquiry into the basis of the plaintiff's title. (*Gonzalez* v. *Gem Properties, Inc.* (1974) 37 Cal.App.3d 1029, 1035 [112 Cal.Rptr. 884].)

Our Supreme Court explained that where the plaintiff in the unlawful detainer action is the purchaser at a trustee's sale, he or she "need only prove a sale in compliance with the statute and deed of trust, followed by purchase at such sale, and the defendant may raise objections only on *that phase of the issue of title.* Matters affecting the validity of the trust deed or primary obligation itself, or other basic defects in the plaintiff's title, are neither properly raised in this summary proceeding for possession, nor are they concluded by the judgment." (*Cheney* v. *Trauzettel* (1937) 9 Cal.2d 158, 160 [69 P.2d 832], italics added; see also *Vella* v. *Hudgins, supra,* 20 Cal.3d at p. 255.) Further, the pendency of another action concerning title is immaterial to the resolution of an unlawful detainer proceeding. (*Evans* v. *Superior Court* (1977) 67 Cal.App.3d 162, 171 [136 Cal.Rptr. 596]; *Gonzales* v. *Gem Properties, Inc., supra,* 37 Cal.App.3d at p. 1035, citing *Cruce* v. *Stein* (1956) 146 Cal.App.2d 688, 689-692 [304 P.2d 118]; see also *Wood* v. *Herson* (1974) 39 Cal.App.3d 737, 743 [114 Cal.Rptr. 365].)

■ Application of these principles to Seibert's argument demonstrates that the trial court correctly denied the motion to stay the unlawful detainer proceedings. The only points at issue in Old National's unlawful detainer action were whether the Piedmont property had been sold in accordance with Civil Code section 2924 and whether the title obtained by Old National had been perfected. Seibert's Alameda County complaint charged that Old National's fraud relative to the Terrell loans caused his delinquency and the eventual trustee's sale on his house. Alleged fraud in connection with two unrelated loans by Old National to third parties does not have any bearing on the issues to be determined in the unlawful detainer action. Pursuant to Code of Civil Procedure section 1161a, these complex fraud charges are beyond that phase of title which may be litigated in an unlawful detainer proceeding.

Seibert places primary reliance for his position on two inapposite cases. The Court of Appeal in *Mehr* v. *Superior Court* (1983) 139 Cal.App.3d 1044, 1050 [189 Cal.Rptr. 138], held that the superior court abused its discretion in denying a stay of execution pending an appeal from a judg-

ment in an unlawful detainer action in which possession was awarded to the purchaser at a trustee's sale. In that case, after the filing of the unlawful detainer action, the Mehrs, the evicted former homeowners, initiated a separate action against the purchaser to set aside the trustee's deed on the ground that the trustee's sale was not in compliance with the statutory requirements and that the trustee's deed was obtained by fraud. Similarly, the Mehrs' affirmative defenses to the unlawful detainer complaint set forth that the trustee's sale was void as the trustee did not comply with Code of Civil Procedure section 1161a and Civil Code sections 2924 and 2924a through 2924h; that the purchaser was not in fact a bona fide purchaser for value as he had participated in or had knowledge of the fraudulent failure to provide them notice of the sale; that the trustee's sale was void because of the inadequacy of the price paid and that such inadequacy was because of the irregularity and unfairness of the sale, which conduct was known or should have been known by the purchaser. (*Mehr* v. *Superior Court, supra,* 139 Cal.App.3d at pp. 1047-1050.) The Court of Appeal's conclusion that an abuse of discretion occurred in denying a stay was based on the factors that the Mehrs had shown a substantial question would be raised on appeal as to issues litigated in the unlawful detainer action itself, that they would suffer irreparable injury by an eviction pending appeal and that the purchaser would not be prejudiced by a stay of execution of the judgment. (*Id.,* at p. 1050.)

Unlike the Mehrs, Seibert, by way of affirmative defenses or separate action, did not assert that the trustee's sale failed to comply with the applicable statutory provisions. Nor did Seibert claim that there was fraud in the actual acquisition of the trustee's deed. In sum, while the *Mehr* opinion concerned the types of challenges to title which Code of Civil Procedure section 1161a permits in an unlawful detainer action, the instant case does not.

Likewise, the case of *Asuncion* v. *Superior Court* (1980) 108 Cal.App.3d 141 [166 Cal.Rptr. 306], has no application to the case at bench. In that opinion, the Court of Appeal held that, consistent with due process guarantees, homeowners cannot be evicted without being permitted to raise affirmative defenses which, if proved, would maintain their possession and ownership. The court concluded that title to the property was in issue and that the unlawful detainer action exceeded the municipal court's jurisdiction. The Court of Appeal stated that there are situations where it may be appropriate to stay the eviction proceedings until after the trial of the fraud action or, in the alternative, to consolidate the actions.

However, the separate fraud action in *Asuncion,* like *Mehr,* was a direct challenge to the manner in which the unlawful detainer plaintiff had ob-

tained title to the property. The Asuncions alleged that, in making a short term loan to them for the purpose of curing their default on other obligations, the unlawful detainer plaintiff had fraudulently secured title to their property when they unknowingly signed a grant deed conveying title to their home to the plaintiff. Again, the separate fraud complaint in *Asuncion* is not the type of indirect challenge to title with which we are concerned in the instant case. Seibert was not denied due process by the trial court's denial of the stay as neither his affirmative defenses nor his separate fraud complaint raised claims which, if proved, would have maintained his possession and ownership.

### III

█ Old National suggests that Seibert's appeal is moot in that he allegedly voluntarily relinquished possession of his home to Old National during the pendency of the appeal. Old National reasons that as reversal of the judgment on the basis of trial court error in denying the stay would not restore Seibert to possession, the appeal is moot. Relative to this contention, Old National asks that we consider its motion to produce additional evidence which will establish that Seibert has not been in possession of the Piedmont property since September 9, 1986. Old National has not persuaded us that the appeal is moot. Accordingly, the motion to produce additional evidence is denied.

█ It is well settled that an appellate court is to decide actual controversies by a judgment which can be carried into effect. Thus, while an appeal is pending, if events occur that make it impossible for the court to grant appellant effective relief, the appeal should be dismissed as moot. (*City of Los Angeles* v. *County of Los Angeles* (1983) 147 Cal.App.3d 952, 958 [195 Cal.Rptr. 465], cert. den. and app. dism. 466 U.S. 966 [80 L.Ed.2d 811, 104 S.Ct. 2336].)

In *Union Oil Co.* v. *Chandler* (1970) 4 Cal.App.3d 716, 720-721 [84 Cal.Rptr. 756], the court considered the mootness of an appeal from an unlawful detainer judgment awarding possession of the property to the plaintiff where possession was "voluntarily" surrendered. Before entering judgment, the trial court in that case had announced that the plaintiff was entitled to judgment for possession. The parties then entered into a stipulation in which the defendant agreed to relinquish possession by a certain date in order to minimize damages. The judgment subsequently entered by the court provided that defendant vacate the property no later than the date specified in the stipulation. The Court of Appeal reasoned that the surrender of possession pursuant to the stipulation was in fact a result of the trial

court's announced decision. As defendant was deprived of possession by the judgment, the issue of possession was not moot on appeal. (*Id.,* at p. 721, citing *Schubert* v. *Bates* (1947) 30 Cal.2d 785, 791-792 [185 P.2d 793], and disapproved on another point in *Green* v. *Superior Court* (1974) 10 Cal.3d 616, 633, fn. 19 [111 Cal.Rptr. 704, 517 P.2d 1168].)

A similar situation is presented by the instant case. Judgment for restitution and possession of the Piedmont property was awarded to Old National. Thereafter, Seibert was granted a stay of judgment until August 11, 1986, on condition that he pay $2,000 per month into an interest-bearing account and that, before 60 days elapsed, he obtain a stay from an appellate court and post an appeal bond in the sum of $156,380. On August 8, 1986, Seibert filed a petition for writ of supersedeas and request for an immediate stay with this court. On August 11, 1986, the petition was denied. Then, on August 18, 1986, Old National obtained an order terminating the stay of enforcement of judgment and a writ of execution. Seibert's son filed a claim of right to possession in the Piedmont property on August 26, 1986, and Old National responded by obtaining an order to show cause regarding Seibert's eviction and sanctions. According to the additional evidence submitted by Old National, on September 10, 1986, Seibert allegedly surrendered possession of the property in return for Old National's promise not to proceed with its request for sanctions against his son.

 Like the defendant in *Union Oil,* Seibert was compelled to give up possession pursuant to the judgment. The fact that he may have given up possession before he was formally evicted pursuant to the writ of execution does not make this appeal moot. Effective relief was available to Seibert if he had prevailed on appeal. Upon reversal of the judgment, this court would have been empowered to restore him to possession of the property.

### IV

 Finally, Old National charges that Seibert's appeal is frivolous and that sanctions should be awarded against him. We disagree.

"[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].) The appeal in the case at bench is not frivolous within the meaning of *Flaherty.* The record does not support Old

National's position that the appeal was brought solely for delay. Moreover, we do not characterize the arguments advanced by Seibert as devoid of any merit whatsoever. While we were not persuaded by Seibert's contentions, they were arguably meritorious.

The judgment is affirmed.

White, P. J., and Barry-Deal, J., concurred.