Filed 11/30/22  Pacific 26 Management v. Tarquinio CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| PACIFIC 26 MANAGEMENT, LLC,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ROBERT TARQUINIO, individually and as trustee, etc.,<br><br>　　　Defendants and Appellants. | B316409<br><br>(Los Angeles County Super. Ct. No. 20SMCV01320) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark H. Epstein and Bruce G. Iwasaki, Judges. Affirmed.

Law Office of Patrick Thomas Santos and Patrick Santos for Defendants and Appellants.

Law Offices of Saul Reiss, Saul Reiss and Fay Pugh for Plaintiff and Respondent.

Defendant and appellant Robert Tarquinio, individually and as trustee of The House of Tarchnas Living Trust (appellant), appeals from the October 21, 2021 unlawful detainer judgment entered against him and in favor of plaintiff and respondent Pacific 26 Management, LLC (respondent). On November 19, 2021, we issued an order temporarily staying the October 21, 2021 judgment pending further order of this court.

We affirm the judgment. We dissolve the temporary stay imposed pursuant to our November 19, 2021 order and remand the matter to the trial court to determine the amount of additional unpaid rent appellant owes respondent as holdover damages.

## BACKGROUND

**Current unlawful detainer action**

Appellant was the owner of certain residential real property located at 1048 Chelsea Avenue in Santa Monica, California (the property). The property was encumbered by a deed of trust as security for a $3.65 million loan. The loan went into default, the lender foreclosed on the deed of trust, and a trustee's sale was held. Respondent was the successful bidder at the trustee's sale and became the owner of the property pursuant to a trustee's deed upon sale. Appellant continued to occupy the property following the trustee's sale, and respondent commenced this unlawful detainer action against appellant in September 2020.

A one-day court trial was initially set for January 19, 2021. The parties engaged in discovery and filed trial written briefs.

On January 19, 2021, at appellant's request, the trial was continued to February 8, 2021. The trial court and the parties

2

conferred, and the court instructed the parties to address the issue of the validity of respondent's title at the next hearing. The court stated: "It is the defendant's burden to prove a colorable claim and legitimate question as to whether title is an issue. [¶] If no such claim is proven, the Court will proceed with the case as an Unlawful Detainer matter." On February 8, 2021, the trial was again continued, at appellant's request, to February 11, 2021.

The parties filed briefs on the issue of the validity of respondent's title, and on February 11, 2021, they argued that issue before the trial court. The trial court found that respondent had met its prima facie burden of establishing the validity of its title to the property and that appellant had failed to show that respondent had engaged or participated in any fraud. The court ruled that the unlawful detainer trial would proceed after lunch that day.

During the lunch break, appellant filed a written request for one-day leave to file a quiet title action against respondent. The trial court denied the request on the ground that there was no evidence of respondent's involvement in any fraud.

Trial commenced on the afternoon of February 11, 2021. The parties submitted documentary evidence. Respondent's principals and appellant also testified. Appellant argued that the notice of default upon which the trustee's sale was based was fraudulent and that respondent and its principals knew of the fraud. Respondent argued that a standard nonjudicial foreclosure sale had occurred and that the trustee's deed upon sale afforded conclusive presumptions about the validity of the sale.

At the trial court's direction, the parties submitted closing briefs. In his closing brief, appellant asked for the first time that the trial court stay the unlawful detainer action and consolidate it with a quiet title action appellant had filed against respondent and others. Concurrently with his closing brief, appellant filed a declaration regarding newly discovered evidence and a request for judicial notice of the quiet title and rescission action he had filed against the lenders and respondent on February 22, 2021. Respondent objected and moved to strike the declaration and request for judicial notice.

On April 30, 2021, the trial court directed the parties to return on May 17, 2021, for further argument. At the May 17, 2021 hearing, after hearing argument from the parties, the trial court denied appellant's request for judicial notice and to present additional evidence.

On September 3, 2021, appellant filed a notice of related cases, asserting that the fraud action he had filed against respondent and others in Los Angeles Superior Court case No. 21STCV06748 was related to the unlawful detainer action. Respondent objected on the grounds that the notice was untimely and that the two cases were not related. On September 9, 2021, the trial court issued a minute order ruling that appellant's civil action against respondent was not a related case.

The trial court issued a final statement of decision on October 21, 2021. Judgment was entered that same day. The judgment awarded possession of the property to respondent and rent in the amount of $15,000 per month in holdover damages.

Appellant filed this appeal on October 29, 2021. Appellant subsequently filed a petition for writ of supersedeas, and on

4

November 19, 2021, we issued an order staying execution of the unlawful detainer judgment pending further order of this court.

**Civil action**

Appellant commenced a separate civil action, Los Angeles Superior Court case No. 21STCV06748, against respondent and others in February 2021 for fraud, wrongful foreclosure, and quiet title, alleging he was defrauded of his title to the property by the lenders and other affiliated parties. Appellant did not serve respondent with the summons and complaint in that action until February 2022.

Respondent demurred to appellant's first amended complaint. On April 8, 2022, the court sustained the demurrer and granted appellant 20 days leave to amend. As to appellant's quiet title cause of action, the court ruled that appellant's claim that respondent was not a bona fide purchaser of the property was barred by the unlawful detainer judgment unless appellant could allege facts showing that respondent had actual notice of the purported fraud. The court emphasized that "[a] mere unsubstantiated statement" concerning respondent's knowledge of the fraud "is not sufficient."

Appellant filed a second amended complaint, to which respondent again demurred. On July 26, 2022, the court sustained the demurrer without leave to amend as to all causes of action. With regard to appellant's quiet title cause of action, the court found that appellant's amended pleading failed to address the res judicata effect of the unlawful detainer action. The court noted that appellant's second amended complaint asserted the same arguments he had raised in the unlawful detainer action and that the doctrine of res judicata barred appellant from relitigating the issue of respondent's status as a bona fide

5

purchaser. The court similarly found that appellant failed to state a claim against respondent for fraud or wrongful foreclosure and struck appellant's request for exemplary damages and attorney fees. On August 17, 2022, while this appeal was pending, judgment in the civil action was entered in respondent's favor.

## DISCUSSION

Appellant's sole contention on appeal is that the trial court erred by not staying the unlawful detainer action pending resolution of his quiet title action against respondent and by not consolidating the two actions. We review a trial court's ruling on a motion for a stay under the abuse of discretion standard. (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 480.) The abuse of discretion standard also applies to a ruling on a motion to consolidate. (*Todd-Stenberg v. Dalkon Shield Claimants Trust* (1996) 48 Cal.App.4th 976, 978-979.)

The record discloses no abuse of discretion. Appellant filed no motion to stay and no motion to consolidate in the trial court below. The trial court accordingly was never presented with the opportunity to exercise its discretion in that regard. (See *Archibald v. Cinerama Hotels* (1976) 15 Cal.3d 853, 860.) Appellant cites no authority that would impose on the trial court a sua sponte duty to stay the unlawful detainer action or to consolidate it with the civil action. Appellant's untimely and procedurally improper request to stay the action, made for the first time in his closing trial brief, did not oblige the trial court to rule on the request.

We reject appellant's contention that failure to stay the unlawful detainer action deprived him of his due process right to

6

litigate his claims against respondent. The record shows that appellant had the opportunity to fully and fairly litigate respondent's status as a bona fide purchaser in the unlawful detainer action. The parties engaged in discovery, filed extensive written briefing on the issue of respondent's knowledge and participation in the lender's alleged fraud, and argued the issue before the trial court. Plaintiff also presented documentary evidence and witness testimony concerning respondent's status as a bona fide purchaser. The trial court found that appellant "was unable to point to any credible evidence to demonstrate that [respondent] was not a bona fide purchaser for value. . . . And, to the extent that there was any such credible evidence, the Court finds [respondent's] contrary evidence to be more credible."

*Asuncion v. Superior Court* (1980) 108 Cal.App.3d 141 and *Mehr v. Superior Court* (1983) 139 Cal.App.3d 1044, which appellant cites as support for his position, are distinguishable. The defendants in both those cases attempted to raise affirmative defenses of fraud in an unlawful detainer action by consolidating the unlawful detainer action with a concurrent civil action they had filed against the lender. (*Mehr*, at p. 1047; *Asuncion*, at p. 143.) Appellant in this case did not serve respondent with the summons and complaint in his civil fraud action until after the unlawful detainer action had concluded. Appellant had ample opportunity to fully and fairly litigate the issue of respondent's bona fide purchaser status in the unlawful detainer action.

Respondent's position, moreover, was again vindicated in appellant's civil fraud action. That action concluded while this appeal was pending, and a judgment was entered in respondent's favor. The court in that civil action ruled that appellant failed to state a fraud claim against respondent. The court rejected

7

appellant's allegation that respondent engaged in a conspiracy to defraud given the absence of any specific allegations of wrongful conduct by respondent or any allegations that would support a "reasonable inference" that respondent was aware of a purported scheme to defraud appellant. Both the trial court in the unlawful detainer action and the court in the civil fraud action reached the same result—that there is no merit to appellant's claims against respondent for fraud and no basis for challenging respondent's title to the property as a bona fide purchaser for value.

Appellant fails to establish any abuse of discretion.

## DISPOSITION

We affirm the judgment. We dissolve the temporary stay of the judgment imposed pursuant to our November 21, 2021 order and remand the matter to the trial court to determine the amount of additional rent appellant owes to respondent as holdover damages. Respondent is awarded its costs of appeal.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

HOFFSTADT, J.